## COLLINS v. HILLS *et al.*

**Intoxicating Liquors:** SALE IN ORIGINAL IMPORTED PACKAGES: PROHIBITION BY STATUTE: CONSTITUTIONALITY. Defendant was sought to be enjoined from maintaining a nuisance by keeping a place for the unlawful sale of intoxicating liquors. He purchased the liquors sold by him—beer and whiskey—in other states. They were put up in bottles securely sealed. The beer was packed and shipped in cases containing a certain number of bottles, and defendant sold beer in such original cases only. The whiskey was also put up in quart and pint bottles, securely sealed, each of which was enclosed in a pasteboard box, and then packed and shipped in boxes and barrels These bottles were sold by defendant in such numbers as his customers desired, but in no case was a part of a bottle sold. *Held* that the sales of both beer and whiskey, as thus conducted, were in violation of the statutes of Iowa, and subjected the defendant to punishment for nuisance; and that such construction of the statute did not render it obnoxious to that provision of the constitution of the United States vesting in congress the right to regulate commerce between the states. (See opinion for cases cited.)

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FILED, FEBRUARY 7, 1889.

THIS is an action in equity to enjoin the defendant from maintaining a nuisance. It is alleged in the petition that defendant kept, in a designated building in the city of Keokuk, a place in which he carried on the business of selling intoxicating liquors in violation of the laws of this state. On the hearing the superior court found that, at the time and in the place mentioned in the petition, the defendant kept certain intoxicating liquors, consisting of whiskey and beer, and that he was then engaged in the business of selling the same; that he purchased said liquors in the states of Ohio, Illinois and Missouri, and imported the same into this state.

The beer, when purchased, was put up in bottles, which were packed in cases, a certain number of bottles in each case. The only sale of beer made by defendant was by the case ; that is, the cases were not opened by him, but were delivered to the purchasers in the same condition in which he received them from the carrier. The whiskey was also put up in bottles. One brand, purchased in Ohio, was put up in quart bottles, in each of which was blown the name of the manufacturer, and each, when filled, was securely sealed with a metallic cap, and placed in a pasteboard box, and then were packed in boxes or barrels for shipment, and were in that manner shipped to defendant. Another brand, purchased in Illinois, was put up in pint bottles, each of which, when filled, was securely closed and sealed, and these were also packed in boxes or barrels for shipment, and were received by defendant in that condition. His sales of whiskey were by the single bottle. On receiving the barrels and boxes in which the bottles were packed, he opened the same, and placed the bottles on the shelves in his store, and sold the same to his customers in such numbers as they required. He did not in any instance open the bottles, or sell the liquors in quantities less than that contained in them. When he made the purchases he intended to sell the liquors in this state in the manner pursued by him subsequently in making the sales. He was not a registered pharmacist, nor did he have a permit from the board of supervisors to sell intoxicating liquors for the purposes for which such liquors are permitted to be sold by the statutes of the state. But the purchasers bought the liquors intending to use the same as a beverage, and that intention was known to him when he made the sale. The superior court held, in effect, that the transaction of selling the beer in the manner in which it was done was beyond the power of the state to control or prohibit, but was purely a matter of commerce between the states, which could be regulated only by the congress of the United States ; also that, when the boxes and barrels in which the bottles of whiskey were shipped to and

received by defendant were opened, and they were removed therefrom, the transaction, as a matter of interstate commerce, was fully consummated, and that subsequent dealings with the liquors were governed by the statutes of this state ; and the judgment entered was in accordance with those views. The findings of fact set out in the judgment appear to be sustained by the evidence ; and in our consideration of the case it will not be necessary to give much attention to the testimony. Both parties appeal, plaintiff's appeal being first perfected.

*D. F. Miller, Sr., J. H. Anderson, H. Scott, Howell & Son,* and *W. B. Collins,* for plaintiff.

*Anderson & Davis* and *J. F. Smith,* for defendants.

REED, C. J.—The distinction drawn by the superior court between the different transactions does not appear to us to rest upon any sound legal principle. The liquor was in each case put up by the manufacturer or dealer in another state, with a view to sales in that condition. The subsequent packing of the bottles in boxes and barrels was a mere matter of convenience in the sale and shipment of the property. When defendant purchased one hundred bottles of either beer or whiskey, he in effect purchased that number of packages of the article, and when he sold by the bottle the transaction was of the same character. The fact, that, as a matter of convenience in handling during the transportation of the property, the bottles were packed in boxes and barrels, can make no difference as to the character, in law, of the transaction. If he had the right to bring the liquor within the state, and to sell it here, he had the right to adopt such means and mode of shipment as best suited his convenience or interest ; for, so far as we are advised, there is no regulation upon the subject of either state or national enactment. The right to buy and sell in such quantities as he chose is necessarily included in the right to buy and sell in any quantity. The right to bring it within the state by the car-load is as certain as the right

Collins v. Hills.

to bring it in by the single bottle or other package. If his interest or convenience would be better served by shipping into the state in cars fitted up with tanks, or other vessels attached to the cars, and from which the liquors must be drawn at the end of the voyage, he had the right, in the absence of statutory regulation, to adopt that mode of transportation. But in that case the liquors on their arrival within the state, would of necessity be placed in other vessels than those in which they were brought within the state; and the result of the distinction would be that, while he had the right to bring them within the state for the purpose of selling them here, yet, having brought them here in the exercise of that right, he had no right to sell them because he had adopted a mode of transportation which, although perfectly lawful, required their removal from the vessels in which they were transported. The unsoundness of the attempted distinction is shown by the absurd results to which it would lead. If he had the right to sell the liquors in the state because the transaction of their purchase and transportation was one of national, rather than state, jurisdiction, it follows necessarily that he had the right to make the sales in whatever form or quantity he saw fit. Any other holding, it seems to us, would lead to results and conclusions which, owing to their absurdity, would be shocking alike to legal judgment and the common sense of mankind.

In our opinion, then, the case turns solely on the question whether defendant had the right, notwithstanding the statute of the state, to sell the liquors within the state. And in considering that question it is important to keep in mind the scope and object of the statutes. For more than thirty years the state has sought by legislative enactments to mitigate the evils of intemperance. During all that time, however, it has regarded intoxicating liquors as a legitimate article of commerce, and the legislation has been restrictive, rather than prohibitory. The sale and use of such liquors as a beverage has been regarded as an evil so enormous as to demand the exercise of the highest powers of the state for its

suppression.  At the same time it has been recognized that the article had its legitimate uses.  The object aimed at by the legislation has been the suppression of the traffic in the article for the use wherein it has been a continuous and crying evil, and to regulate and protect it for such uses as are beneficial, or at least not hurtful. The statute forbids the sale of such liquors for use as a beverage, and prescribes severe penalties for violations of its provisions; but it allows sales of the article for use as a medicine, and in the arts, and for culinary and sacramental purposes, and prescribes certain limitations and restrictions upon the traffic for those uses.  In their scope and object these statutes are not materially different from those which have been enacted for the restriction of the sale of poisons, and the regulation of the storage, handling and use of explosives, and other articles dangerous to the lives or property of the people, or deleterious to society; and they were enacted in the exercise of the same power, viz., the police power of the state.  That the state has the power to enact such legislation is not now a question of doubt, and that the legislature is the sole judge of the necessity for their enactment is equally clear.  Laws having the same general objects in view have probably been enacted in every state in the Union, and their validity has seldom been questioned.  The validity of these particular statutes has frequently been declared by this court, and it has been adjudged by the highest tribunal in the nation that statutes having the same specific object are not in conflict with any provision of the federal constitution. *Mugler v. Kansas*, 123 U. S. 623; 8 Sup. Ct. Rep. 273. The statutes called in question in the *License Cases*, 5 How. 504, were not essentially different in their object from those of this state.  They were enacted for the purpose of mitigating, and to some extent suppressing, the evils of intemperance.  The statute of Massachusetts prohibited the traffic in intoxicating liquors by all persons except those holding a license from the county commissioners, and licensed vendors were forbidden to sell in quantities less than twenty-eight gallons in any single

sale. Under its provisions no person was entitled, as a matter of right, to receive a license, but the question whether any licenses should be granted in the county was left entirely to the discretion of the commissioners. A person who did not hold a license engaged in the business of selling foreign liquors, imported into the United States under the statutes thereof. He was indicted, and convicted in the state courts of a violation of the statute of the state. The other cases were under similar statutes of the states of New Hampshire and Rhode Island, and involved similar states of fact. The causes being removed to the supreme court, the judgments were affirmed. Subsequently the same claim of right was urged in these cases that is here alleged by the defendant, viz., that as the liquors were transported into the states under the authority of the federal constitution and statutes, it was not competent for the states to prohibit their sale, or regulate the manner in which it should be conducted. But the court held that the statutes were not in their operation in conflict with the commercial provisions of the federal constitution. And it appears to us that this is necessarily so. When the power of the state to legislate with reference to the subject-matter is conceded, it follows necessarily, we think, that all property within the state is subject to the regulations it has enacted. When property purchased in another state is transported to this state, and there delivered to the purchaser, to be used or consumed within the state, the transaction, in so far as it is governed by the provisions for the regulation of commerce among the states, is at an end. The sale and delivery are then consummated, and the property becomes at once subject to the laws which the state has enacted governing its use or disposition. It is true that some things are said by the court in *Bowman v. Railway Co.*, 125 U. S. 465; 8 Sup. Ct. Rep, 689, 1062, which appear to be in conflict with that view; but we do not understand that the question was involved or decided in that case. The sole question involved was as to the validity

of certain provisions of the statute, which forbade common carriers from transporting to any point within the state intoxicating liquors, unless they had been furnished with the written evidence of the right of the consignee to sell the same in the state.  It is conceded that that subject is beyond the power of the state to legislate upon.  But it by no means follows that the owner has the right, after the property has been delivered to him in the state, to use or dispose of it in a manner different from that prescribed by this state for the sale or use of such property generally.  It follows from these considerations that on defendants' appeal the judgment should be affirmed, while on plaintiff's appeal it will be

REVERSED.

Intoxicating Liquors: SALE IN ORIGINAL IMPORTED PACKAGES: PROHIBITION BY STATUTE : CONSTITUTIONALITY.  *Collins v. Hills, ante,* p. 181, *followed.*