## LEISY & CO. v. HARDIN.

**Intoxicating Liquors:** CONSTITUTIONAL LAW : INTERSTATE COMMERCE. Where residents and citizens of another state manufacture in such other state, and ship in original sealed packages to this state, intoxicating liquors, and sell the same in such original packages in this state in violation of the laws of this state, such liquors are liable to seizure and destruction under the laws of this state ; and such construction and application of the state law is not a violation of that provision of the federal constitution conferring on the congress of the United States the power to regulate commerce between the states. (*Collins v. Hills*, 77 Iowa, 181, *followed*.)

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

### FILED, OCTOBER 4, 1889.

THIS is an action of replevin, and involves the right to the possession of certain half barrels, quarter barrels and cases of beer. There was a trial by the court without a jury, which resulted in a judgment for the plaintiffs. Defendant appeals.

*Wm. B. Collins* and *H. Scott Howell & Son*, for appellant.

*Anderson & Davis*, for appellees.

ROTHROCK, J.—There is no controversy as to the facts of the case. The court below made special findings, from which it appears that the plaintiffs are a partnership, the individual members of which are citizens and residents of the state of Illinois. Said partnership is engaged in the manufacture of beer at the city of Peoria, in that state, and selling the same in the states of Illinois and Iowa. The property in question consisted of one hundred and twenty-two quarter barrels of beer, one hundred and seventy-one one-eighth barrels of beer, and eleven sealed cases of beer. All of said beer was manufactured by plaintiffs at said city of Peoria,

Illinois, and put in said kegs and cases, and each of said kegs was sealed, and had placed upon it, over the plug in the opening of each keg, a United States internal revenue stamp; and said cases were substantially made of wood, each one of them containing twenty-four quart bottles of beer, each bottle of beer corked, and the cork fastened with a metallic cap, sealed, and covered with tin-foil, and each case was sealed with a metallic seal, and to open said cases the metallic seals had to be broken. The property, as above described, was shipped by plaintiffs by railway from said city of Peoria to the city of Keokuk, in this state, to one John Leisy, a resi-dent of Keokuk, who is an agent of the plaintiffs, and placed in a building owned by a member of the plaintiff partnership. It was placed in said building to be sold on account of the plaintiffs. It was offered for sale in said kegs and cases unbroken. This business had been carried on for several years. The agent of plaintiffs made the sales to any and all persons who desired to purchase the same, excepting to minors, and persons in the habit of becoming intoxicated. No kegs or cases sold were broken or opened on the premises when sold, but they were removed from the building in the same condition in which they were shipped from the state of Illinois. The evidence shows that the agent of the plaintiffs delivered the beer sold to the purchasers in the city in wagons or otherwise, and that sales were made to any person above age who paid the money for it. The building in which the beer was sold was fitted up for the purpose of carrying on the business, and had been used by plaintiffs in that way since the year 1884. The defendant is a constable, and the beer in contro-versy was seized by him by virtue of a search-warrant issued by a justice of the peace upon the ground. that said beer was kept for sale in violation of the laws of the state. The court found as a fact that the beer in question was kept for sale by the plaintiffs for the pur-pose of being sold in violation of the laws of Iowa, but that said laws are unconstitutional and void, as applied to the facts of this case.

We have stated the facts somewhat in detail for the purpose of demonstrating that they present the same question determined by this court in the cases of *Collins v. Hills*, 77 Iowa, 181, and in *Grousendorf v. Howat*, 77 Iowa, 187. Counsel for appellees concede, in argument, that the cases cited involve the same controlling question. It is true they claim that in this case there is the exception that the plaintiffs and appellees are citizens and residents of Illinois, and produce and manufacture their beer in that state, and sell it as manufacturers; but no claim is made, in argument, and we can discover no reason why the laws of this state, which forbid the sale of intoxicating liquors, are not applicable to all persons, no matter where they may abide. We adhere to the rule announced in the cited cases, and have no desire to further discuss or elaborate the questions involved. The judgment of the superior court will be

REVERSED.