THE STATE v. BOWMAN *et al.*

**Liquor Nuisance: SALES IN ORIGINAL, IMPORTED PACKAGES : GOOD FAITH OF DEFENDANT.** It is a violation of the laws of this state to sell intoxicating liquors without a proper license, though the sales are made only in original, unbroken, imported packages (see cases cited in opinion); and one who violates an injunction by the sale of such liquors cannot escape the penalty on the ground that he in good faith believed that such sales were not a violation of the law.

*Appeal from Marshall District Court.*—Hon. John L. Stevens, Judge.

Filed, February 11, 1890.

This is an action for an injunction to restrain and enjoin the defendants from maintaining and carrying on an alleged nuisance by the illegal sale of intoxicating liquors. A temporary injunction was ordered, and, pending the action, an information was filed charging the defendants with violating the same. The cause was tried upon its merits, and at the same time the information for violation of the injunction was heard. The injunction was made perpetual, and the defendant John A. Bowman was ordered to pay a fine of five hundred dollars for the violation of the injunction. The defendants appeal.

*Parker & Nichols* and *Blum & Blum*, for appellants.

*W. W. Miller*, County Attorney, for the State.

Rothrock, C. J.—I. It appears from the pleadings and evidence that the liquor sold by defendants was purchased in Chicago, Illinois; that it was shipped to Marshalltown, Iowa, in boxes; and that the boxes, with their contents, were sold without any change being made in the boxes or packages. The defendants claim that, as the sales were made in the original packages, just as they were when imported into the state, the defendants were not guilty of the violation of any law. This question was considered by this court, and determined in the case of *Collins v. Hills*, 77 Iowa, 181, and in *Leisey v. Hardin*, 78 Iowa, 286, and *State v. Zimmerman*, 78 Iowa, 614. We discover no ground for receding from the rule announced in the cited cases.

II. It is urged in behalf of the defendant John A. Bowman that he ought not to have been held guilty of violating the temporary injunction, because he believed that he violated no law in the sale of liquor in original

packages. We do not think that this is any excuse for violating the injunction by making sales during the pendency of the action. The evidence shows that he was engaged in quite an extensive traffic in liquors, in the way above indicated, and he knew that the device adopted by putting each bottle in a separate box was claimed to be a violation of law, the same as selling in any other way. If he preferred to take his chances of making the sales, he ought not to complain of the penalties.

AFFIRMED.