STATE ex rel. RUDOLPH HOEFS v. DISTRICT COURT OF
McLEOD COUNTY.[1]

January 27, 1911.

Nos. 16,742—(40).

**Constructive contempt — affidavit.**

The affidavit, the initiatory step in constructive contempt proceedings, need not be in any particular form, nor its allegations as direct, specific, and certain as required by law in indictments for criminal offenses.

**Judgment of conviction.**

The judgment of conviction in such proceedings must be construed in connection with the affidavit and order to show cause, the foundation of the proceeding, and need not recite all the facts there disclosed.

**Costs — attorney's fee.**

When the court is authorized by the facts to impose the punishment prescribed by section 4649, R. L. 1905, for contempt of court, it may award to the aggrieved party the costs and expenses of the contempt proceedings, including a reasonable attorney's fee.

**Value of attorney's services — evidence.**

Services of an attorney, rendered in the presence of the court, do not require evidence of their reasonable value. The court, when proper to be allowed, may fix the amount thereof from its knowledge of their value.

**Violation of injunction — punishment.**

Defendant was restrained by injunction from constructing a ditch and thereby lowering the waters of a meandered lake. Defendant in violation of the injunction constructed the ditch. It is *held* that the court was authorized to require defendant, to purge himself of the contempt, to fill up the ditch.

In the district court for McLeod county judgment was entered in the case of Alfred H. Mills against Charles Senescall and seven other defendants; one of whom was Rudolph Hoefs, enjoining the defendants perpetually from constructing a certain ditch or in any manner interfering with the level of Cedar lake. Thereafter, upon the affi-

[1]Reported in 129 N. W. 583.

davit of the plaintiff in that action, Rudolph Hoefs was brought before that court charged with contempt of court in violating that injunction, and after hearing before Morrison, J., was adjudged guilty. He then obtained from this court a writ of certiorari directed to the district court for McLeod county to review the judgment of that court. Affirmed.

*H. H. Bonniwell* and *C. G. Odquist,* for relator.

*Sam G. Anderson, Jr.,* for respondent.

BROWN, J.

Plaintiff owns property bordering upon a large meandered lake. Defendants Hoefs, Johnson, Radenz, Makedanz, Wendorf, and Falconer also own property bordering or in the vicinity of the lake; that of defendant Hoefs being located at the outlet thereof. In 1908 the defendants named entered into a contract with defendants Senescall Brothers for the construction of a ditch at the outlet of the lake, for the purpose of lowering the waters thereof and reclaiming adjoining low, swampy land. Whereupon plaintiff brought this action to restrain defendants from so doing, on the ground that the lowering of the lake would irreparably injure his riparian property rights, and plaintiff prayed for a permanent injunction restraining the construction of the proposed ditch. Issue was joined, and after a trial thereof judgment was on March 19, 1909, ordered and entered perpetually enjoining and restraining defendants, their agents or servants, from constructing said ditch, and from in any manner interfering with the level of the waters of the lake. The ditch proposed to be constructed by defendants, and to restrain which the action was brought, commenced at a point in the outlet of the lake a short distance beyond the meander line, in low, swampy land, and would have extended, if constructed, over and through land belonging to defendants.

Thereafter, on May 18, 1910, defendant Hoefs commenced the construction of another ditch at the same place, but commencing at a point upon his own land and without the meander line of the lake; the purpose being, as he claims, to collect the water at the outlet in one channel and to reclaim the adjacent marshy land. Plaintiff then

113 M.—20.

presented to the court an affidavit charging therein a violation of the injunction of the court commanding defendant to forever refrain from the construction of a ditch at the point in question, and from in any manner interfering with the level of the lake, and prayed that defendant be proceeded against as for contempt of court.  An order was then issued directing defendant to show cause why he should not be punished for contempt.  After a full hearing thereon the court adjudged defendant guilty of contempt and imposed upon him a fine of $5, that he pay the cost and expenses of the contempt proceeding, including an attorney's fee of $25, and, further, that he fill up the ditch and restore the lake outlet to its natural condition.  Defendant then sued out a writ of certiorari from this court to review the judgment so convicting him of contempt.  The questions raised by defendant will be considered in the order presented in the briefs.

1. It is contended that the affidavit made the basis for the order to show cause is insufficient to give the court jurisdiction of the contempt proceedings, in this: That the facts stated do not show a violation of the injunction.  The objection is not sustained.  The affidavit, after reciting the entry of the judgment and the provisions thereof restraining defendant in the manner heretofore referred to states:  "That the defendant, Rudolph Hoefs, in violation of said order and judgment, and in contempt thereof, on the 18th day of May, 1910, began and is now engaged in the construction of a ditch in the outlet of Cedar Lake, which said ditch now does lower and will greatly lower the waters of said Cedar Lake, and cause the waters thereof to recede to such an extent as to make said lake a shallow, stagnant bog, of no useful beneficial public use whatever."  The affidavit is sufficient.  The law does not require that it be in any particular form, nor that its allegations be as direct and specific in the statement of the facts constituting the contempt, as is required in an indictment. It is sufficient, though it states only the evidentiary facts.  State v. District Court of Hennepin County, 65 Minn. 146, 67 N. W. 796; 1 Joyce, Injunctions, § 262.

2. It is further contended that the evidence wholly fails to show a violation of the injunction, because (1) that it was not made to appear that the ditch would lower the lake, and (2) that it was not

made to appear that plaintiff, or other riparian owners, would be damaged thereby in their property rights. Neither of these contentions is well founded. It may be conceded that defendant had the right to construct the new ditch wholly upon his own land, provided the result thereof was not a lowering of the lake, and a resulting injury to plaintiff's property. But the evidence made the question whether the lake was or would be lowered one of fact for the trial court to determine. It is conflicting, and not so clearly against the conclusion of the trial court as to justify interference by this court. The question whether damage would result to plaintiff by lowering the lake was determined against defendant in the main action, and the judgment therein is conclusive in this proceeding that such would be the effect. Joyce, Injunctions, § 264.

Nor is it material that defendant may have acted in good faith, believing that he had the right to construct the ditch wholly upon his own land. If, as found by the court, the result of the ditch was an interference with the level of the lake, he violated the injunction, notwithstanding the fact that he believed, or was advised, that he had the right to construct the ditch upon his own land. Wilcox v. Schimmel, 59 Mich. 524, 26 N. W. 692; State v. Bowman, 79 Iowa, 566, 44 N. W. 813.

3. The judgment declaring defendant in contempt is in sufficient compliance with the rules of law controlling procedure in constructive contempt proceedings. The judgment must be construed in connection with the affidavit and the order to show cause, and need not recite all the facts there disclosed. 9 Cyc. 48; Joyce, Injunctions, § 284a; State v. Becht, 23 Minn. 411.

4. Defendant also complains of the punishment imposed. The court ordered defendant to pay a fine of $5, the cost and expense of the contempt proceeding, including $25 attorney's fees, and, to purge himself of the contempt, that he fill-up the ditch and restore the outlet of the lake to its natural condition. Section 4640, R. L. 1905, provides that, before a fine exceeding $50 may be imposed for a constructive contempt, it must be made to appear that the right or remedy of a party to an action was defeated or prejudicial. Section 4649 provides that, when the prejudice or injury is shown, the court

may, in addition to the fine, order the person guilty of the contempt to pay the aggrieved party a sum of money sufficient to indemnify him, "and satisfy his costs and expenses."

This was a proceeding for constructive contempt. The judgment in the action enjoined defendant from constructing a ditch at the outlet of the lake, or in any manner lowering the level of the waters thereof. The foundation of the judgment was that irreparable injury would result to plaintiff's property if the waters of the lake were lowered, and defendant was enjoined accordingly. He constructed the ditch, which, according to the evidence, and the conclusion of the trial court, adjudging him guilty of contempt, damaged and injured plaintiff's property. The prejudice to plaintiff's right was therefore shown, and the court was authorized to administer the punishment prescribed by section 4649. No evidence was offered showing the extent of the damage to plaintiff's property, and no indemnity was ordered paid. But his prejudice by the act of defendant did appear, and the court was authorized to require defendant to pay the "costs and expenses" of the contempt proceeding. Joyce, Injunctions, § 280. The statute vests in the court a wide discretion in matters of this kind, and to authorize it in a proper case to require the violator of an injunction to fully indemnify the aggrieved party, both with respect to damages suffered by reason of the wrongful act, and also to reimburse him for all proper and legitimate expenses incurred in bringing the wrongdoer to justice. Counsel fees were necessarily incurred in this behalf, and were properly included by the trial court. It does not matter that no evidence was offered upon the question of the value of the attorney's services. They were performed in the presence of the court, and the amount awarded, $25, cannot be said to be unreasonable or excessive. Cochran v. Cochran, 93 Minn. 284, 101 N. W. 179; Kingsley v. Anderson, 103 Minn. 510, 513, 115 N. W. 642, 116 N. W. 112. We discover no objection to the other items of expense allowed by the court sufficient to require special mention.

5. There can be no serious question of the power of the court to require defendant, to purge himself of the contempt, to fill up the ditch and restore the lake. Without this power the authority of the

court in such cases, to compel respect to its judgments, would be impotent and without force or effect.   Murphey v. Harker, 115 Ga. 77, 41 S. E. 585; Ashby v. Ashby, 62 N. J. Eq. 618, 50 Atl. 473; Joyce, Injunctions, § 281a.

Judgment affirmed.


JAGGARD, J., absent on account of illness.