SUMMERS, Justice.
 

 Because of Jerry R. England’s failure to obtain a certificate or license, the Louisiana State Board of Medical Examiners filed a petition on March 23, 1957 in the Fourteenth Judicial District Court of Calcasieu Parish for an injunction to prohibit him from practicing medicine. See La. R.S. 37:1261, 37:1270 and 37:1286. Finding that England was holding himself out to the public as a chiropractor and that the work he was doing constituted the practice of medicine, a permanent injunction was granted on April 29, 1958 prohibit
 
 *1003
 
 ing him from engaging in chiropractic or the practice of medicine. This judgment, because of appeals, did not become final until May 22, 1961.
 

 Then on December 21, 1967, counsel for the Board of Medical Examiners filed a rule for contempt against England, in which it was alleged merely that he “failed to comply with the permanent injunction.” By the rule, England was ordered to show cause on January 9, 1968 why he should not be adjudged guilty of contempt. Because England could not be timely served, a motion was made and an order entered that the return date on the rule be extended to January 30, 1968.
 

 On January 25, 1968 England filed an exception which he denominated an “Exception of No Right or Cause of Action and Exception to Service”. He alleged therein that he had been served with a notice that a hearing originally fixed for January 9, 1968, at 10:00 a. m., had been extended and made returnable on January 30, 1968. The exception alleged that the amended rule for contempt was attached. Further, the exception set forth that “nowhere in any of the papers served on him is it stated as to what he is alleged to be in contempt for.” He then alleged that he was unable to adequately plead, and, therefore, he excepted to the service and asserted that the papers served on him did not disclose any cause or right of action.
 

 Prior to the trial of the rule on January 30, both exceptions were taken, up, argued and overruled by the court. The rule was then tried and England was found guilty of contempt and sentenced to pay a fine of $500 or, in lieu thereof, to serve 30 days in jail, and, in addition, he was sentenced to serve six months in jail, this latter sentence being suspended and England was placed on conditional probation for five years, the condition being that he not practice chiropractic in Louisiana. After the Court of Appeal refused to do so we granted writs upon England’s application.
 

 Defendant England contends that he was ' not served with the original rule to show cause, but only with the amended rule, which even the Board admits was deficient in content if forced to stand without the original rule; therefore, he contends that this exception to service should have been maintained. In the alternative, he claims that even if he were served with both rules, they were cumulatively deficient in that they failed to state the material facts necessary to constitute the contempt.
 

 Because we are satisfied that the exception of no cause of action should have been maintained, we need not consider the other issues raised.
 

 Article 225 of the 1960 Code of Civil Procedure sets 'forth that a person charged with constructive contempt of court, which
 
 *1005
 
 is the case at bar, may be found guilty thereof and punished therefor only after trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished. The article provides also that the rule to show cause “shall state the facts alleged to constitute the contempt.” See also La.Code Civ.P. art. 224 (1960).
 

 The exception of no cause of action concedes (for the purposes of its trial) the correctness of the
 
 zvell-pleaded
 
 allegations of fact and tenders the issue that on the face of the petition no case is presented entitling the mover, in law, to the redress sought. Kird v. New Orleans & N. W. Ry., 105 La. 226, 29 So. 729 (1901); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 17 (1934). It is the sufficiency in law of the petition or motion which is put at issue by the exception. Spiers v. Davidson, 233 La. 239, 96 So.2d 502 (1957); Ane v. Ane, 225 La. 222, 72 So.2d 485 (1954)
 

 Thus we must decide whether the allegation of the motion that England “failed to comply with the permanent injunction” is a well-pleaded fact which may be taken as admitted, or is it a conclusion of fact which impairs the sufficiency in law of the motion and rule for contempt?
 

 We are of the opinion that Article 225 of the 1960 Code of Civil Procedure is controlling here. Its provisions are mandatory and require that the rule to show cause “shall state the facts alleged to constitute the contempt.” Alleging that England “failed to comply with the permanent injunction” is nothing more than a conclusion of the pleader based upon no facts and is not the type of well-pleaded fact which will serve to set out a cause of action. LeBlanc v. Danciger Oil & Refining Co., 218 La. 463, 49 So.2d 855 (1950) ; Kotch v. Board of River Port Pilot Com’rs, 209 La. 737, 25 So.2d 527 (1946).
 

 Moreover, we are of the opinion that the requirement of Article 225, that the facts alleged to constitute the contempt be stated in the rule to show cause, is intended to serve the additional purpose of clearly and fairly apprising the person charged of the nature and cause of the accusation against him. There should be sufficient particularity in the charge to enable the person charged to properly make his defense. 17 C.J.S. Contempt § 72(2) (a) and (b) (1963). The allegation in question is devoid of any particularity. In spite of the fact that the injunction was in force for seven years, the motion fails to set forth when the violation occurred.
 

 This requirement of Article 225 was an innovation in our law when the Code of Civil Procedure was enacted in 1960. Its
 
 *1007
 
 source is a Minnesota statute which reads as follows:
 

 “In cases of constructive contempt, an affidavit of the facts constituting the contempt shall be presented to the court or officer who may either issue a warrant of arrest to bring the person charged to answer or, without a previous arrest, upon notice, or upon an order to show cause, which may be served by a sheriff or other officer in the same manner as a summons in an action, may commit him to jail, impose a fine, or both, and make such order thereupon as the case may require.” 38 Minn.Stat.Anno. § 588.04 (1943).
 

 In State ex rel. Hoefs v. District Court, 113 Minn. 304, 129 N.W. 583 (1911), the Minnesota Supreme Court announced what was understood by “an affidavit of the facts constituting the contempt” in this way:
 

 “The law does not require that (an affidavit’s) allegations be as direct and specific in the statement of the facts constituting the contempt, as is required in an indictment. It is sufficient, though it states only the
 
 evidentiary facts."
 
 (Parentheses and emphasis added).
 

 Therefore the “facts” contemplated by the Minnesota statute, and its predecessor, according to this • authority, are evidentiary facts. Evidentiary facts are those necessary to prove the essential or ultimate fact. Black’s Law Dictionary 658 (4th ed. 1951). An allegation that England “failed to comply with the permanent injunction” is the ultimate fact, it is not an evidentiary fact. Evidentiary facts would be times, dates, places, persons involved, etc. Thus, since the source provision has this meaning, it is reasonable to conclude that it was the intention of the redactors of our code and of the legislature that Article 225 be given a like interpretation. Furthermore, we agree that the plain language of the article compels that view.
 

 For the reasons assigned, the judgment of the district court finding the defendant England guilty of contempt and the sentence imposed as a result thereof are annulled and set aside, and England’s exception of no cause of action is maintained. This matter is remanded to the district court with instructions that a reasonable time, say ten days after this judgment becomes final, be allowed to the Board to amend its motion and state the evidentiary facts which constitute the contempt with reasonable particularity. Thereafter England may again be ruled into court to show cause why he should not be adjudged guilty of contempt, failing in which these proceedings should be dismissed at plaintiff’s cost. La.Code Civ.P. art. 934 (1960).