308 So.2d 396 (1975)
E. Lorenz BORENSTEIN and E. Lorenz Borenstein, d/b/a San Jacinto Hotel
v.
JOSEPH FEIN CATERERS, INC., d/b/a The Court of Two Sisters et al.
No. 6668.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
Rehearing Denied March 12, 1975.
Joseph Neves Marcal, III, New Orleans, for E. Lorenz Borenstein, petitioner-appellant; A. N. Yiannopoulos, Baton Rouge, of counsel.
Joseph W. Nelkin, New Orleans, for Joseph Fein Caterer, Inc., d/b/a The Court of Two Sisters, defendant-appellee.
Charles J. Pisano, New Orleans, for Frank Caracci and Nick S. Karno, d/b/a The Court of Two Sisters, defendant-appellee.
Before BOUTALL, SCHOTT and MORIAL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action. Plaintiff Borenstein, alleging that he is the owner of the property at Municipal No. 624 Bourbon Street, New Orleans, Louisiana, lot 18 of square 61, and that he operates a hotel thereon, the San Jacinto Hotel, brought suit against Frank Caracci and Nick Karno, owners of the adjoining property at 612-20 Bourbon Street, lots 17, 16 *397 and 4 of square 61, and Joseph Fein Caterers, Inc., lessee, doing business as The Court of Two Sisters thereon. The suit alleges that the defendants propose to construct a building upon their premises which would destroy plaintiff's rights to the use of a common "party wall", and seeks the enjoining of any construction whatever, and alternatively seeks the removal of any construction insofar as it interferes with plaintiff's use of the party wall. A temporary restraining order was granted, and by agreement between the parties, the rule nisi for a preliminary injunction was consolidated with the trial for a permanent injunction at one and the same time. During the course of that hearing, the defendants filed an exception of no cause of action contending plaintiffs had no right as a matter of law to enjoin the proposed construction. The trial judge maintained the exception of no cause of action and dismissed plaintiff's suit. Plaintiff appeals.
In our consideration of this matter, we are first met with a procedural problem. The trial on the merits had already begun and plaintiff was in the process of attempting to secure and place in evidence the proposed building plan in question. While the mechanics of physically producing that plan were being carried out, the defendant introduced into evidence a number of City Ordinances.[1] When plaintiff attempted to resume his case by placing Robert Andrews, his predecessor in title, upon the witness stand, he was interrupted by the filing of the exception of no cause of action. From the argument which followed this filing and the discussions with the court, as well as the court's written reasons for judgment, it is apparent that the court relied upon the City Ordinances introduced into evidence as well as some of the evidentiary statements made in the course of the argument. We find this to be error.
There are in the jurisprudence a number of cases which state that the peremptory exception of no cause of action is not susceptible of additional evidence, but must be decided on pleadings of plaintiff, and all well pleaded allegations thereof must be accepted as correct. If there is any doubt as to this proposition since the adoption of Code of Civil Procedure Art. 931, it has been dispelled by the Supreme Court of Louisiana in the case of American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510, on page 512 (1970), in which the court said:
"[1] Although the result reached by the Court of Appeal is not affected by our views on this question, because of several references in its opinion and in briefs to facts and documents which form no part of the petition, it should be observed at the outset that only the well-pleaded facts in the petition or documents made a part thereof, which must be accepted as true, can be considered in ruling on an exception of no cause of action. Pertinent portions of Article 931 of the Code of Civil Procedure so provide: `No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.' (Emphasis added.) See also Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968). Thus the statement in the Court of Appeal opinion under review to the effect that the entire record must be considered when deciding an exception of no cause of action and a *398 like statement in Succession of Pickett, 189 So.2d 670, 671 (La.App.1966), cited as authority, are both erroneous and cannot be approved. 232 So.2d 532, 535.
"Another case coming to our attention which has recognized and approved this erroneous rule since Article 931 of the Code of Civil Procedure became effective on January 1, 1961 is Rozas v. Evangeline Parish Police Jury, 214 So.2d 398 (La.App. 1968), cert. denied, 252 La. 1018, 215 So.2d 646 (1968), with two justices dissenting. Insofar as this latter case purports to stand for the proposition that there are exceptions to the rule that no evidence may be introduced at any time to support or controvert the objection that a petition fails to state a cause of action, that case is likewise overruled.
"[2] When a constitutional question is not involved, a decent respect for the Legislature's law-making prerogative requires that courts not alter the clear and evident meaning of legislative pronouncements by creating exceptions not announced there."
With these pronouncements in mind, we now pass to a consideration of the allegations of the petition to determine if they are indeed supportive of a cause of action. The original petition and the amending petition allege as a fact that plaintiff's predecessor in title, Robert Andrews, made these windows or openings in the party well during a renovation in 1938. Subsequently Robert Andrews and the former owner of the adjoining property agreed to allow these openings to remain in both oral and written agreements between them some time in the early 1950's. It is further alleged that this agreement was in consideration for Andrews' acquiescence in the establishment of an alcoholic beverage outlet in the adjoining property at a time when the zoning did not allow same without special dispensations. The petition further alleges that the openings are used for ventilation and light in plaintiff's building, that they are apparent and easily seen, and that therefore their existence over this long period of time has created a servitude of light and view in favor of plaintiff and that the defendant's construction will close the openings which exist, destroying the servitude. Additionally plaintiff alleges that the wall is in a state of neglect and is being demolished by neglect by the failure of the defendants to strengthen the wall and preserve same; that the proposed construction will cause further deterioration of the party wall. Considering these facts to be true, we can foresee that plaintiff could obtain a judgment in his suit generally granting him the relief he seeks. In arriving at this conclusion, we carefully point out that we do not necessarily agree or disagree with the trial judge's opinion of the legal principles to be applied to this case. We simply exclude from our consideration for the purpose of this exception, the evidentiary matter that the trial judge relied upon in reaching his conclusions. We believe that plaintiff should be given an opportunity to prove whatever facts he is able to within the bounds of his petition before a determination can be made as to what the applicable law or ordinance may be.
For the foregoing reasons we are of the opinion that plaintiff's petition does state a cause of action, and accordingly the judgment appealed from, maintaining the exception of no cause of action is now annulled and reversed and this case is remanded to the trial court to await whatever further action may be appropriate. The costs of this appeal are to await the final outcome of the case.
Reversed and remanded.
NOTES
[1] In his supplemental and amending petition, plaintiff added Paragraph 12(a) alleging defendants have "no right by virtue of law, state statute, Municipal Ordinance, or by operation of law to close off the `continuous and apparent servitude' long ago established ..." He specifically alleges the proposed construction would violate Art. 504, Sub-Paragraph 4 of the Building Code of the City of New Orleans and whatever rights defendants had by virtue of Ordinance 9756 C.C.S. were taken away by repeal thereof and replacement by the Building Code. He did not attach these ordinances or make them part of his petition.

On trial defendants introduced into evidence Ordinance 9756, Ordinance 17525, and extracts of the Building Code, and Related Regulations.