laCANNELLA, Judge.
Plaintiffs, Ernest R. Perry and Gayle G. Perry, appeal from the trial court judgment which grants the exception of no cause of action of defendant, First National Bank of Jefferson (FNJ), and the exception to venue of defendant, First Bank of St. Tammany (FBST). For the reasons which follow we deny FNJ’s motion to dismiss and affirm the judgment which grants the exceptions.
Because the case is before the court on an exception of no cause of action, we have only plaintiffs’ petition to look to for the facts giving rise to the controversy. Taking those facts in the light most favorable to plaintiffs, as we must on appeal from such an exception, it is alleged that FNJ and FBST are “related institutions,” that representatives of both banks “encouraged and assisted plaintiffs in obtaining a loan [from] FBST in the amount of $100,000,” that all parties agreed that $30,000 of the loan proceeds would be paid directly to FNJ to pay off outstanding loans on ^behalf of plaintiffs, that payment was made, that $40,000 was to be placed in a personal account at FBST in plaintiffs’ names, that the account was opened and plaintiffs received an account number and statement, that sometime thereafter, plaintiffs wrote cheeks on a separate business account that they also maintained at FBST, that the business account did not contain adequate funds to cover the checks, that plaintiffs telephoned the bank and requested that funds be transferred from their personal account to the business account to cover the checks, that the funds were not transferred and the checks were not paid when presented, that criminal charges were brought against plaintiffs, that FBST, without prior approval, debited plaintiffs’ personal account in the amount of $40,000 and refused to release the funds to plaintiffs, that as a result of these actions, plaintiffs suffered damages both in their business and personally, including criminal prosecution.
In response to plaintiffs’ petition, defendants filed exceptions of res judicata, judicial estoppel, no cause of action and improper venue. After memoranda were filed both for and against the exceptions, the trial court granted the exception of no cause of action in favor of FNJ, dismissing FNJ with prejudice, and, absent FNJ as a party defendant, then granted the exception of improper venue in favor of FBST. It is from this judgment that plaintiffs now appeal.
On appeal, plaintiffs argue that the trial court erred in granting the exception of no cause of action in light of the Supreme Court case of City of New Orleans v. Board of Com’rs, 93-690 (La. 7/5/94), 640 So.2d 237. They also argue that, upon reversal of the exception of no cause of action, the exception to venue will have no merit since venue is proper as long as FNJ | ¿remains a party defendant in the action.
FNJ filed a motion to dismiss plaintiffs’ appeal both in district court and in this court. FNJ argues that the appeal is not timely because it was filed 110 days after the trial court considered and denied plaintiffs’ motion for new trial. The motion to dismiss filed in this court was referred to the merits. Upon review, we do not find that the record adequately evidences mailing of the notice of judgment, which commences the running of plaintiffs’ appellate delays (La.C.C.P. art. 2087), such that plaintiffs’ appeal should be dismissed on timeliness grounds. Accordingly, we deny the motion to dismiss.
On the merits FNJ argues that plaintiffs’ petition, taken in the light most favorable to them, simply fails to state a cause of action against it.
The appellate procedure for reviewing trial court action on an exception of no cause of action was most recently reiterated by the Supreme Court in City of New Orleans v. Board of Com’rs, 93-690 (La. 7/5/94), 640 So.2d 287. The Court held:
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the peti *1237 tion to be true and ail reasonable inferences are made in favor of the non-moving party. Owens v. Martin, 449 So.2d 448 (La.1984); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976), overruled on other grounds by Thrasher v. Leggett, 373 So.2d 494 (La.1979); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968). In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the ease to de novo review because the exception raises a question of law and the lower court’s |5decision is based only on the sufficiency of the petition. See Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983); cf. Wright & Miller, Federal Practice and Procedure: CM 2d Sec. 1357 (1990); 2A Moore’s Federal Practice See. 12.07[2. — 6] (1994).
In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); See also Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff’s allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977); See Wright & Miller, supra See. 1357.
In the instant case, we find that the record supports the trial court ruling that the petition fails to state a cause of action against FNJ. Plaintiffs have made no allegations against FNJ that would expose that bank to liability to plaintiffs. The only allegations of wrongdoing are FBST’s refusal to transfer the funds from plaintiffs’ personal account to their business account and FBST’s debit of plaintiffs’ personal account without approval. It is not alleged in the petition or in brief that FNJ participated in either of those actions. Further, plaintiffs present no arguments in brief concerning any amendments they could make to the pleadings to state a | gcause of action if they had the opportunity. Therefore, we find that the trial court was correct in finding that plaintiffs’ petition fails to state a cause of action and in dismissing the petition without leave to amend, since there is no showing that the grounds for the objection can be removed. La.C.C.P. art. 934.
In view of our holding above, affirming the trial court’s judgment dismissing FNJ from the case, the judgment on the exception of improper venue filed by FBST is also affirmed, since, in the absence of FNJ as a party, venue is not proper as to FBST.
Accordingly, for the reasons set out above, we deny the FNJ motion to dismiss the appeal, we affirm the trial court judgment granting the FNJ exception of no cause of action and granting the FBST exception to venue. Plaintiffs are assessed all costs of appeal.
MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED.