| DECUIR, Judge.
The Defendants-Appellees, Aspen Square Management, Inc., and Allen Pi-card, move to dismiss as untimely the appeal by the Plaintiff-Appellant, Fred Landry. For the reasons given below, we deny the motion.
Landry, acting pro se throughout this litigation, filed the instant suit seeking damages arising out of his eviction by the Defendants. In the course of the litigation, Landry filed a motion to recuse Judge John D. Trahan from presiding in the matter. Judge, Trahan referred the motion to another Fifteenth Judicial District Court judge. That judge denied the motion in a written judgment signed on January 25, 2000.
The Defendants filed various other motions and exceptions, including a motion for summary judgment. These matters were heard before Judge Trahan on March 27, 2000, and a written judgment was signed by Judge Trahan granting the motion for summary judgment and dismissing Landry’s suit against the Defendants on *976 March 29, 2000. Notice of the signing of this judgment is certified by the clerk’s office as having been mailed to all parties or their attorneys on April 4, 2000.
On April 11, 2000, Landry filed another motion to recuse Judge Trahan from this case. Judge Trahan denied this motion on April 18, 2000. Also filed by Landry on April 11, 2000, was a Motion for New Trial. Judge Trahan denied this motion also on April 18, 2000. Following these events, Landry filed another Motion for New Trial on April 26, 2000. This motion was not denied by the trial court until October 6, 2000.
Appearing next in the record sent to this court from the district court is a handwritten document filed by Landry entitled “APPEAL TO 3RD CIRCUIT COURT OF APPEALS". The first paragraph of this motion for appeal states that Landry “prays that this appeal be held in abeyance until the court rules on” the motion to recuse and the motion for new trial filed on April 11 and April 26. This paragraph concludes with the statement, “This being done to preserve a timely appeal to the 3rd circuit in event the motions for recusal and new trial are again denied.” At the bottom | aof this page appears a handwritten order which was completed by the trial court granting an appeal in this case on October 6, 2000.
Near the bottom of this document appears a date stamp of October 6, and the document is indexed in the trial court record as having been filed on that date. However, another date stamp appears at the top of this document which indicates that the document was received in the office of the clerk of court for Lafayette Parish on April 26, 2000. The record reflects no explanation for the chronological placement of this motion for appeal.
On December 5, 2000, the Defendants filed a motion in this court seeking the dismissal of Landry’s appeal as untimely. The record in this case was lodged in this court on December 14, 2000.
The Defendants contend that the delay for seeking an appeal in this case began to run on the date following the trial court’s denial of the first motion for new trial. The Defendants argue that the second motion for new trial was not timely filed; therefore, the delays for seeking an appeal were not affected by the trial court’s delay in entering the order denying this second motion.
The delays for seeking a devolutive appeal are set forth in La.Code Civ.P. art. 2087(A):
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
The Defendants do not challenge the timeliness of Landry’s first motion for new trial. Therefore, the timeliness of the appeal turns on the date set forth in La.Code Civ.P. art. 2087(A)(2), the date of the mailing of the notice required by | aArticle 1914 of the trial court’s refusal to grant the new trial.
The pertinent portion of the latter statute reads:
C. If the interlocutory order or judgment is one refusing to grant a new trial or a judgment notwithstanding the verdict, regardless of whether the motion is taken under advisement, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
Article 1914 pertains only to interlocutory rulings. With respect to final judgments, La.Code Civ.P. art. 1913(D) requires, “The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of *977 the signing of the judgment was mailed.” Thus, proof must appear of record as to the court’s compliance with the notice requirements of Article 1913. However, Article 1914 places no certification requirement as to the notice sent of the denial of a motion for new trial.
In the case of the ruling sub judice, the trial court’s order denying the motion appears as a signed and dated handwritten notation at the bottom of the second page of the motion for new trial. Underneath the trial court’s handwritten order appears a stamp with the date, the signature of the deputy clerk of court, and “cc” notations being handwritten. This stamp, as completed, reads:
FILED THIS 18 DAY OF APRIL, 2000
(illegible), LAFAYETTE, LA
VELMA (illegible)
Deputy Clerk of Court
cc: Fred Landry
Craig Richardson
While the Defendants acknowledge in their memorandum in support of the motion to dismiss that the delays for seeking an appeal in this case turn on the date of the mailing of the notice of the trial court’s denial of the first motion for new trial, the memorandum offers no discussion as to whether the above notation is sufficient proof that the clerk’s office fulfilled the notice requirements of Article 1914. We interpret the above stamp as a filed date stamp reflecting only that the motion for new trial was filed in the office of the clerk of court for the Fifteenth Judicial District 14Court for Lafayette Parish. The fact that a “cc” appears following the signature of the deputy clerk provides this court with no indication as to what was copied and sent to the persons listed beneath the deputy clerk’s signature.
This court’s interpretation of this stamp as not being an indication as to whether notice of the denial of the motion for new trial was sent to the parties is further bolstered by an inspection of the stamps and notations appearing on the page of the record on which the trial court’s order denying the second motion for new trial appears. On this page, a filed date stamp appears on one side of the page and another stamp appears on the opposite side of the page. This latter stamp reads:
STATE OF LOUISIANA PARISH OF LAFAYETTE
I hereby certify that a certified copy of this judgment/order has been mailed/ served on all parties this 10 day of October, 2000
Hand-drawn lines appear over the terms “judgment” and “served” indicating that the certified copy of the order appearing on this page was mailed to the parties listed below the stamp. Thus, below the stamp appears the signature of a deputy clerk of court and underneath this signature appears the handwritten notation:
cc: FRED LANDRY N. CRAIG DAVIDSON
This court finds that the clear import of these two stamps appearing on this document is that the trial court filed the document into the record on October 6, 2000, and the clerk’s office mailed notice of the denial of the motion for new trial on October 10, 2000. However, in the instance of the denial of the first motion for new trial, the stamp placed by the office of the clerk of court bears no indication as to whether the trial court’s order was forwarded to the parties.
In the instant case, we find the record insufficient to allow this court to discern with any certainty whether notice of the denial of the first motion for new trial was ever sent by the trial court. Where an appellate record inadequately evidences whether notice of the denial of a motion for new trial has been filed, the appeal should not be dismissed on timeliness grounds. Perry v. First Nat Bank of Jefferson, B95-1015 (La.App. 5 Cir. 4/30/96); 673 So.2d 1235. We do not hold that in the case of the denial of a motion for new trial or judgment notwithstanding the verdict, a certificate must be filed in *978 the record by the clerk of court’s office as is required by Article 1913(D). However, we do hold that the record in the instant case does not provide sufficient evidence that the appellant was sent notice of the trial court’s denial of the first motion for new trial.
Having found that the record in the instant case does not support a finding that notice was ever sent of the trial court’s denial of the first motion for new trial, the appeal delay set forth in Article 2087(A)(2) never began to run. Accordingly, the order granting the appeal which was signed on October 6, 2000, was timely. We express no opinion regarding the discrepancy in the record as to the date on which the motion for appeal was filed and the effects, if any, of the request that the appeal be held in abeyance pending disposition of other post judgment motions. The instant motion to dismiss is hereby denied at the Defendants’ cost.

MOTION TO DISMISS APPEAL DENIED.