GERHARD D. L. FRESE ET AL., APPELLEES, v. JOE MICHALEC, APPELLANT.

36 N. W. 2d 494

Filed March 18, 1949. No. 32539.

*Mark J. Ryan* and *Alfred D. Raun,* for appellant.

*Robert G. Fuhrman,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from an order of the district court for Thurston County appointing a receiver to carry into effect the terms and provisions of its decree herein entered on August 7, 1946, which decree, on appeal, was affirmed by this court. See Frese v. Michalec, 148 Neb. 567, 28 N. W. 2d 197.

For the purpose of this appeal the parties will be referred to herein as they appeared in the trial court.

The decree sought to be enforced contains the following terms and provisions: "* * * that the defendant herein, Joe Michalec, be and he is hereby permanently and perpetually enjoined from keeping and maintaining the

dike or embankment now located on the east or right bank of Rattlesnake Creek on his land, from the point where said Creek enters his land, around the east or right bank of said creek to a point thereon 800 feet south of the north line of the South Half of the Northeast Quarter of Section 17, in Township 25, North, Range 6, East of the 6th P. M., in Thurston County, Nebraska; that the defendant is hereby ordered and directed, within a period of ninety days from and after the entry of this decree, to remove all and every part of said dike on the east or right bank of Rattlesnake Creek from the point where it enters his land on the south around the east or right bank thereof, to a point on said creek 800 feet south of the north line of defendant's land, and that in so removing said dike or embankment the soil or dirt forming the same shall be so disposed of by said defendant as not to raise the elevation of the land on defendant's north quarter section tract at any point thereon so as to prevent the natural drainage of water from the overflow area of said creek to the northeast corner of defendant's land, and further that in so removing said dike the natural bank along the east or right bank of Rattlesnake Creek when the work is completed, shall be restored as nearly as can be done to the original elevation of the creek bank over that area and so that the work when completed will leave the east or right bank across the base of the cut-off. V or horseshoe to the south as nearly as can be done, of the same elevation as the original bank of said horseshoe over and out of which overflow waters originally flowed, * * *."

On October 13, 1947, we issued our mandate directing the trial court to carry into effect its decree.

Thereafter the plaintiffs filed their application in the district court, subsequently amended, setting forth that the defendant had failed to properly remove the dike, as by the decree required, and had otherwise failed to comply with the terms and provisions thereof. Therein

plaintiffs alleged that they believed defendant never would remove the dike and comply with the decree without the work being done under the supervision of the court or someone appointed by it for that purpose. Plaintiffs, because thereof, asked for an order requiring the defendant to show cause why he should not be adjudged in contempt of court, why a receiver should not be appointed to carry the decree into effect, or why a special execution should not issue to carry out the decree.

Defendant filed objections to the application and at the hearing thereon resisted it on the grounds that he had complied with the terms and provisions of the decree.

Hearing on the application, as amended, and the objections thereto was had on May 5, 1948. Pursuant thereto, on July 14, 1948, the court appointed a receiver for the purpose of carrying into effect the terms and provisions of the decree herein dated August 7, 1946. It further directed the receiver "to employ a qualified engineer to take all necessary levels and make all necessary surveys to determine the work necessary to be done upon said lands for a fair and reasonable compliance with the terms of said decree of August 7, 1946, and that upon the completion of said levels and surveys said receiver shall make his report to the Court for the Court's further order thereon."

Defendant filed a motion for rehearing and from the overruling thereof appealed.

District courts are authorized by section 25-1081, R. S. 1943, after judgment or decree, to appoint a receiver to carry the judgment or decree into execution.

Pursuant to section 25-1087, R. S. 1943, every such order appointing a receiver should contain special directions in respect to his powers and duties.

As a basis for its order appointing the receiver and made a part of its decree the trial court made the following finding: "That it is visible to the naked eye of the ordinary layman, and without engineering ex-

perience, that the straightening of Rattlesnake Creek through the defendant's land, which new channel as a part of the straightening of said creek cut across the base of horseshoe, V's or other extensions of the creek eastward into defendant's lands, is upon higher ground than the most easterly points of the original horseshoes or bends of the creek eastward into defendant's lands; that the soil taken from the newly constructed channel across such bases was used to form the dike which defendant was required by the decree to remove; that defendant and his employees in the removal of the dike have moved the dirt from the dike easterly and northeasterly and while the said dike may have been and probably was as shown by the testimony removed to the grass line of the newly constructed ditch, the Court is of the opinion and finds that said grass line is of higher elevation than the original easterly or right bank along and around the V's or horseshoes in the creek as the same were before any work was done by the defendant in the construction of the new channel of the creek through his land and the dike on the right or easterly bank thereof, and that therefore though there has been an apparent effort to comply in some measure with the provisions of the decree, that portion of the decree which provides that the defendant be required 'to remove all and every part of said dike on the east or right bank of Rattlesnake Creek from the point where it enters his land on the south around the east or right bank thereof, to a point on said creek 800 feet south of the north line of defendant's land, and that in so removing said dike or embankment, the soil or dirt forming the same shall be disposed of by said defendant as not to raise the elevation of the land on defendant's north quarter section tract at any point thereon so as to prevent the natural drainage of water from the overflow area of said creek to the northeast corner of defendant's land, and further that in so removing said dike the natural bank along the east or right bank of Rattlesnake Creek when the work is completed, shall be restored as

nearly as can be done to the original elevation of the creek bank over that area, and so that the work when completed will leave the east or right bank across the base of the cut-off V or horseshoe to the south as nearly as can be done, of the same elevation as the original bank of said horseshoe over and out of which overflow waters originally flowed', has not been complied with and that in order that there be a fair and reasonable compliance with the terms of the decree above quoted further work must be done on defendant's land to accomplish that purpose."

In this respect the record shows the court inspected the premises and the work done thereon by defendant in his effort to comply with the terms and provisions of the decree.

The evidence in the record discloses that the defendant has not complied with the terms and provisions of the decree. It fully supports the trial court's findings to that effect. It discloses that the appointment of a receiver was not only proper and justified but undoubtedly necessary in order to put the decree into force and effect.

In view of the defendant's failure, after ample opportunity, to carry out the terms and provisions of the decree we find the taxing of costs to him to be proper. For the reasons stated we affirm the judgment of the trial court.

AFFIRMED.