STANLEY E. KASPAREK ET AL., APPELLEES AND CROSS-APPELLANTS, V. GEORGE E. MAY ET AL., APPELLANTS AND CROSS-APPELLEES.

133 N. W. 2d 614

Filed March 12, 1965. No. 35838.

Ginsburg, Rosenberg, Ginsburg & Krivosha and Denney & Denney, for appellants.

Baumfalk & Dalke, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and SMITH, JJ.

BOSLAUGH, J.

The plaintiffs, Stanley E. Kasparek and Emma Kasparek, and the defendants, George E. May and Rose M. May, are adjacent landowners. In 1956, the plaintiffs recovered a judgment against the defendants which enjoined them from maintaining a dike upon their land and required them to remove a dike then existing.

In 1959, the plaintiffs commenced a civil contempt proceeding to require the defendants to comply with the 1956 judgment and to recover the damages and expenses which the plaintiffs alleged they had incurred because of the failure of the defendants to comply with the 1956 judgment. Upon the defendants' motion, the allegations relating to damages and expenses were stricken. The

trial court found that the defendants had failed to comply with the 1956 judgment but that the contempt was not willful or contumacious. The defendants were ordered to complete removal of the dike as required by the 1956 judgment within 60 days.

The plaintiffs then appealed to this court where the judgment was reversed and the cause remanded with directions. Kasparek v. May, 174 Neb. 732, 119 N. W. 2d 512. This court held that the issue as to the title to that part of the southwest quarter of Section 25 lying west of a fence constructed near the west boundary of the land was not a proper issue in a civil contempt proceeding and could not be determined in the contempt action; that the defendants had not complied with the 1956 judgment and that their contempt was willful; that the defendants should be required to comply with the 1956 judgment; that the plaintiffs' damages, if any, could not be recovered except in a separate action; and that costs and expenses incurred by the plaintiffs in the contempt action could be recovered in that action.

The plaintiffs then filed an application in the district court for judgment on the mandate and a determination of the expenses and fees which the plaintiffs should recover from the defendants. The application alleged that the plaintiffs should recover the sum of $3,330.74 from the defendants. The trial court found that the plaintiffs should recover the following amounts from the defendants: Engineers' expense, $315.27; attorneys' fees, $600; bill of exceptions, $600.50; transcript, $20.40; and all unpaid costs in the district court. Both parties filed motions for rehearing which were overruled. The defendants appeal and the plaintiffs cross-appeal.

The question presented by the appeal and the cross-appeal is whether the determination by the district court of costs and expenses that can be recovered in the contempt action is correct.

The opinion in Kasparek v. May, *supra*, taxed "all the costs in this proceeding to the appellees May, in-

cluding an attorneys' fee of $250 for Kasparek's attorneys." The costs so taxed consisted of the following: Appellants' docket fee, $20; appellees' docket fee, $5; transcript, $23.70; appellants' brief, $122.40; and appellants' attorneys' fees, $250. These were costs incurred in this court and, contrary to the contention of the defendants, did not include any costs or expenses incurred in the district court.

The plaintiffs were the successful parties in the litigation and, thus, were entitled to recover the expense of the bill of exceptions and the other costs in the district court. Tobas v. Mutual Building & Loan Assn., 147 Neb. 676, 24 N. W. 2d 870; Frese v. Michalec, 151 Neb. 57, 36 N. W. 2d 494.

The defendants contend that the plaintiffs have no right to recover attorneys' fees because such fees are taxable only where provided for by statute, or where the uniform course of procedure has been to allow the same. The effect of the holding on the former appeal was to recognize a course of procedure for the allowance of such fees. Kasparek v. May, *supra.*

There appears to be ample precedent for the allowance of attorneys' fees in civil contempt proceedings. "In a large majority of the cases in which the question has arisen it has been recognized that attorneys'· fees may be allowed in civil contempt proceedings." Annotation, 55 A. L. R. 2d 979, at page 981.

There is also a statutory basis for the allowance of such fees in Nebraska. Section 25-1072, R. R. S. 1943, provides that a party who disobeys an injunction may be required, in the discretion of the court or judge, to make immediate restitution to the party injured. In Holloway v. Peoples Water Co., 100 Kan. 414, 167 P. 265, 2 A. L. R. 161, a similar statute was held to authorize an order requiring the defendants to pay a sum of money to the plaintiff " 'to compensate her for expenses incurred in the prosecution of her action.' "

The plaintiffs contend that the trial court should have

allowed the plaintiffs the sum of $1,375 as an attorneys' fee. The plaintiffs produced evidence that the fair and reasonable value of the services of their attorneys is $1,375.

It was the duty of the trial court to fix a reasonable fee. In the opinion upon the former appeal we noted that there were mitigating circumstances disclosed by the record. Kasparek v. May, *supra*. The plaintiffs' evidence was not binding upon the trial court, and the amount to be allowed was largely within the discretion of the trial court. See, 14 Am. Jur., Costs, § 77, p. 50; 20 C. J. S., Costs, § 218e, p. 462. We think the record fails to show an abuse of discretion and that the action of the trial court in fixing the amount to be allowed the plaintiffs as attorneys' fees should not be disturbed.

The defendants contend that the trial court had no authority to allow the plaintiffs $315.27 as expense for engineers. The defendants argue that the plaintiffs' recovery should be limited to the statutory witness fee because there is no authorization to tax an expert witness fee in excess of the statutory fee.

The costs and expenses which an injured party may recover in a civil contempt proceeding are limited to those which are essential to the litigation. It is apparent from the record in this case that the plaintiffs required the assistance of engineers to prepare and present their case. Although there is very little foundation evidence concerning this item of expense, the parties did stipulate that the charges made were fair and reasonable. The trial court could find that the engineering expense incurred by the plaintiffs was necessary to the litigation and should be recovered in the contempt proceeding.

The trial court found that the expenses claimed by the plaintiffs amounting to $474.56 should not be allowed. These expenses included an item of $216.34 for interest on money borrowed to finance the litigation; mileage in the amount of $217.34 for the plaintiffs and their attor-

neys; $27.75 for photographs; $12.39 for telephone calls; and 74 cents for postage. The plaintiffs contend that the trial court should have allowed the recovery of these expenses.

Under the facts and circumstances in this case, and in the exercise of its discretion, the trial court could find that the defendants should not be required to reimburse the plaintiffs for this expense. The expense in question tends to be incidental or personal in nature and within the control of the plaintiffs and their attorneys. This expense does not relate as directly and as proximately to the subject of the action as the expenses which were allowed. Under the circumstances of this case, we think these items were properly disallowed.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.