THOMAS *v.* WOOLLEN, ET AL.

[No. 769S160.  Filed February 1, 1971.  Petition for rehearing denied April 1, 1971.]

*Ferdinand Samper,* of Indianapolis, for appellants.

*Daniel E. Johnson, Michael R. Maine, Baker & Daniels,* of counsel, of Indianapolis, for appellees.

PRENTICE, J.—This is an appeal from a judgment of contempt of the Superior Court of Marion County, Room No. 5, entered against the appellants, hereinafter referred to as defendants, upon the complaint of the appellees, hereinafter referred to as plaintiffs. The contempt consisted of a violation of the Court's order of March 11, 1968, requiring the defendants to close a driveway located in violation of subdivision restricted covenants and "to take all reasonable measures in the future as occasion arises" in order to prevent its use.

The contempt judgment, entered March 24, 1969, awarded plaintiffs damages in the sum of $1,000.00, attorneys' fees in the sum of $2,000.00, and costs. The court ordered further affirmative action by defendants within a prescribed period. This judgment further provided that, in the event such action not be completed within such period, the defendants pay an additional sum of $300.00 damages and the sheriff incarcerate the defendant James G. Thomas and confine him until he has complied.

Defendants assign as error the overruling of a motion for a new trial, which was upon the following grounds:

1. The decision is not sustained by sufficient evidence.

2. The decision is contrary to law.

3. The decision is not sustained by sufficient evidence and is contrary to law.

4. The Court assessed excessive damages.

After this appeal was fully briefed, defendants filed an application for writ of certiorari seeking to bring into the record the transcript of additional proceedings which, according to the application, would disclose that upon their petition (filed subsequent to this appeal) the trial court dissolved the March 11, 1968, order.

Directing our attention first to the defendants' application for certiorari, such application should be denied. The issue on this point is whether or not the writ, if granted, would bring anything into this record which would be germane to the issues, and we think it would not. We are not here concerned with the ultimate disposition by the trial court of the dispute between the parties, but rather with whether or not the judgment and order of March 11, 1968, were lawful at the time of rendition, whether or not the trial court was warranted in its finding of contempt, and, if so, whether or not its order of March 24, 1969, was lawful.

An injunction while it is in force must be obeyed in order to preserve respect for and obedience to the mandates of the court. Any other approach would be intolerable. There may be circumstances under which a party would be warranted in disobeying a court order, such as impossibility of performance. We need not here concern ourselves with such questions, however, as the proceedings under which the initial order was dissolved, as reflected by plaintiffs' petition, only terminated the initial order and did not render it void from the beginning.

Proceeding to a consideration of defendants' motion for new trial, we think their position that the decision is not sustained by sufficient evidence is untenable. It is true that the initial order directed defendants to do specific acts in an attempt to effectively close the driveway, and it is apparent that defendants did these acts. The order did not end there however, and further directed defendants "to take all reasonable measures in the future as occasion arises" to effectively close the driveway. We think that the burden was upon the defendants, under the rule to show cause, to demonstrate to the court that all reasonable steps under the circumstances had been taken. Defendants have not sustained this burden.

Defendants next contend that the decision is contrary to law in that the awards of $1,000.00 damages and $2,000.00 attorneys' fees were excessive in the light of the evidence. Defendants do not challenge the court's right to assess damages and attorneys' fees, which right appears to be firmly established under Burns Ann. Stat. § 3-2115 (1968 Repl.), (Acts 1881 (Spec. Sess.), ch. 38, § 191, p. 240), and *Trotcky* v. *Van Sickle* (1949), 227 Ind. 441, 85 N. E. 2d 638. It was said in *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, that "The power of a court of chancery to enforce its order by attachment or otherwise, according to the exigency of the case has been preserved to our circuit courts under the so-called power to punish for civil contempt, which is properly not a power to punish, but one to coerce by imprisonment or to impose money penalties for the benefit of the injured party, or to take all necessary measures to secure and indemnify the plaintiff against damages in the premises."

The authorities offer little assistance upon the question of the amount of damages in situations similar to the case at hand. From the authorities above cited and from *Chadwick* v. *Alleshouse* (1968), 250 Ind. 348, 233 N. E. 2d 162, it is readily apparent that special damages and

attorneys' fees are recoverable. We find no authority in this jurisdiction limiting the recovery to that amount and inasmuch as damages are assessed both to compensate the injured party and to coerce the offending party we do not feel the assessment should be restricted to these items. The inconvenience and frustration suffered by the aggrieved party appear to be elements to be taken into account, and the amount that may be reasonably required to coerce the particular offender into compliance would vary from case to case. If it can be fairly said therefore that the total award was not such as to indicate that it was assessed not to compensate and coerce but rather as a punishment, we do not believe this Court should disturb it simply because the party who wrought the problem complains of the absence of mathematic or economic certainty.

With respect to the defendants' position that the award for attorneys' fees was not sustained by the evidence, the evidence clearly shows that plaintiffs had either expended or obligated themselves for amounts considerably in excess of the award therefor. Defendants acknowledge that a trial judge may apply his own knowledge and professional experience in determining the value of services rendered, and this appears to be the law as stated in *Dunn* v. *Deitschel* (1932), 204 Ind. 269, 169 N. E. 529. They contend, however, that a foundation for this application of the judge's expertise must be made in the evidence by some testimony as to what services were rendered and whether or not they were reasonably necessary. They cite no authority for this proposition. It would appear to us that uncontroverted testimony of the amount expended and obligated would be prima facie evidence that services reasonably of that value had been performed. Defendants, having made no effort to overcome such presumption, should not now be heard to criticize an award of substantially less.

This brings us to a consideration of the propriety of that portion of the trial judge's order requiring further affirmative

action by the defendants within a prescribed time, and assessing additional damages in the sum of $300.00 and directing the sheriff to seize the defendant James G. Thomas and confine him in jail until compliance, in the event of failure to comply.

Defendants maintain that the provision for damages in anticipation of a future violation would be an award of future damages without any showing and an abuse of discretion. They cite no authority, but we agree that the trial court erred in this respect and in providing for the incarceration of defendant James G. Thomas, but for a somewhat different reason. It is not to be anticipated that the lawful orders of the court will be violated but rather that they will be obeyed. If they are violated, however, the remedy is by way of attachment or a rule to show cause. Burns Ann. Stat. § 3-2114 (1968 Repl.), (Acts 1881 (Spec. Sess.) ch. 38, § 190, p. 240). In either event, the matter and alleged offender is again brought to the attention of the court for appropriate action. There must be some prima facie showing that the order has been violated. There may be intervening circumstances that rendered compliance impossible or circumstances surrounding the violation may have rendered it relatively innocent. These are factors that should be taken into account in determining whether or not there has been a contempt and, if so, what the penalty should be. They cannot be determined in advance. To anticipate the breach, assess the penalty and provide for the execution, it appears to us, amounts to the abandonment by the trial court of its responsibility in this area and should not be sanctioned.

The judgment of the trial court insofar as it found the defendants in contempt, assessed damages including attorneys' fees, and ordered further affirmative action within a prescribed time is affirmed, and it is reversed insofar as it prescribed the damages and incarceration in anticipation of a future contempt.

The cause is remanded and the trial court is instructed to correct the judgment in accordance with this decision.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 20.