## Richmond

### ARVIN, INCORPORATED v. SONY CORPORATION OF AMERICA.

April 28, 1975.

Record No. 740662.

Present, All the Justices.

*Michael D. Toobin (Jerald P. Cohen; Lainof & Cohen,* on brief), for appellant.

*George R. Kucik [D.C.] (Albert H. Grenadier; David L. Cohen [D.C.]; Lee Calligaro [D.C.]; Fagelson, Schonberger, Billowitz & Grenadier; Arent, Fox, Kintner, Plotkin & Kahn [D.C.],* on brief), for appellee.

Per Curiam.

Arvin, Incorporated (Arvin), is here on appeal from a decree of the court below which found Arvin guilty of civil contempt, and awarded complainant, Sony Corporation of America (Sony), $1,750 attorneys' fees. Arvin does not complain of the chancellor's finding that it was in contempt. It contends, however, (1) that it was improper for the court to award attorneys' fees to the prevailing party in a civil contempt of

court proceeding, and (2) that, even if such an award is permissible, the court cannot do so absent competent evidence upon which to base such a fee.

The evidence shows that on November 22, 1972, Arvin consented to a final decree enjoining it from "offering for sale and or selling any commodity which bears, or the labor [sic] or container of which bears, the trademark or tradename 'Sony' at less than the price stipulated in any fair trade contract in force and effect in the Commonwealth of Virginia . . . ." During the fifteen months following entry of this decree, Arvin violated the decree ninety-nine times by selling Sony fair trade products at a price less than that stipulated. Because of these unlawful sales, Sony filed, on February 1, 1974, a petition for an order to show cause and for relief for civil contempt committed by Arvin, and prayed for an award of damages, costs, and attorneys' fees.

The testimony of Arvin Bielen, president of Arvin, showed that he had agreed, by consenting to the November 1972 decree, not to sell Sony products below the stipulated price. He acknowledged that he had received notices of all Sony price changes. Nevertheless, Bielen himself made many of the unlawful sales at prohibited prices. It was also established that, even after Bielen had received notice of Sony's petition for civil contempt, Arvin made further sales of Sony products in violation of the court's decree. In fact, one sale was made after the court itself had ordered Arvin to show cause why it should not be held in contempt of court.

The principal question presented is whether the chancellor may include attorneys' fees incurred in prosecuting a contempt proceeding as an element of damages against a defendant who has been found guilty of civil contempt.

In *Deeds* v. *Gilmer*, 162 Va. 157, 262, 174 S.E. 37, 78-79 (1934), we said:

"In [civil] contempt proceedings . . . the punishment which may be imposed is not limited to a fine and/or imprisonment. It is adapted to what is necessary to afford the injured party remedial relief for the injury or damage done by the violation of the injunction to his property or rights which were under protection of the injunction. In appropriate cases the violator may be punished by forcing him to restore the *status quo* as it

existed before the violation, or . . . by an award of damages against him in favor of the injured party sufficient to indemnify him for the pecuniary loss occasioned to him as a result of the act or omission which violated the injunction . . . ."

The precise question presented on this appeal has not been previously decided by this court. However, by the great weight of authority "it is within the discretion of the trial court to include, as an element of damages assessed against the defendant found guilty of civil contempt, the attorneys' fees incurred in the investigation and prosecution of the contempt proceedings, both under the common law . . . and under express statutory provisions . . . ." Annot., "Allowance of Attorneys' Fees in Civil Contempt Proceedings," 43 A.L.R.3d 793, 796, *et seq.* (1972). *See Thomas* v. *Woollen,* 255 Ind. 612, 615, 266 N.E.2d 20, 22, 23 (1971); *R. E. Harrington, Inc.* v. *Frick,* 446 S.W.2d 845, 849, 43 A.L.R.3d 787 (Mo.Ct.App. 1969); *Novo Industrial Corp.* v. *Nissen,* 30 Wis.2d 123, 133, 140 N.W.2d 280, 285 (1966); *Kasparek* v. *May,* 178 Neb. 425, 428, 133 N.W.2d 614, 617 (1965); *Lewis* v. *Lorenz,* 144 Colo. 23, 27, 354 P.2d 1008, 1011 (1960).

In the present case, the evidence shows that Arvin intentionally, willfully, and flagrantly violated the court's injunction. It persisted in selling Sony products below the stipulated prices even after Sony had filed its petition for a show cause order. Furthermore, Arvin made an additional sale after it had received the show cause order issued by the trial court. Under the circumstances here, the chancellor was justified in imposing sanctions on Arvin by awarding counsel fees to Sony in order to indemnify it for the expenses incurred in investigating and prosecuting the contempt proceeding and to restore the status quo as far as possible.

Arvin also argues that, if the chancellor could properly award counsel fees to Sony, he must have competent testimony upon which to base such an award. Here it claims that no evidence was introduced. We do not agree.

The chancellor stated in his letter opinion that, in arriving at an award of $1,750 to Sony as attorneys' fees, he had considered the evidence adduced at the hearing and the representations made by counsel for the complainant in regard to the amount of time and effort devoted to investigating and prosecuting this

proceeding as a direct result of Arvin's violation of the injunction. There was ample testimony and information upon which the able and experienced trial judge could arrive at a reasonable fee. *See Thomas* v. *Woollen, supra,* 255 Ind. at 615, 266 N.E.2d at 23; *State ex rel. Hoefs* v. *District Court of McLeod County,* 113 Minn. 304, 308, 129 N.W. 583, 585 (1911). Moreover, Arvin does not complain of the reasonableness of the attorneys' fees fixed by the chancellor.

For the reasons stated, the decree is

*Affirmed.*