## CIRCUIT COURT OF KING GEORGE COUNTY

Frederick P. Close

v.

Robert Gollahon

April 21, 2000

Case No. (Law) 98-64

BY JUDGE JAMES W. HALEY, JR.

The court does not intend to write a formal opinion in this matter, and that which follows should be considered merely a memorandum for the court file outlining in brief the court's conclusion. Mr. Gollahon will be referred to herein as "Buyer" and Mr. Close as "Seller."

Buyer has raised four defenses to this motion for judgment based upon breach of contract.

(1) The contract is alleged to inadequately describe the property to be conveyed. The property was described as Tax Map "parcel 34-117 . . . . said parcel contains approximately 132 acres . . . ." That description was sufficient for Buyer when he signed the contract and the claim it was inadequate never arose before litigation started. A property description is adequate if "the intention of the parties can be clearly ascertained from the language of the contract . . . though it is unartfully expressed." *Thompson v. Thompson*, 171 Va. 361, 370, 198 Va. 897, 902 (1938). The court finds the description adequate.

(2) It is alleged the contract contained a financing contingency, set forth in paragraph 11, "Loan Application." Paragraph 2 of the contract was entitled "Price and Financing." Therein was handwritten "cash at settlement." Paragraph 11 deals with the Buyer's responsibility to attempt to obtain financing as may have been required by a financing contingency inserted in

paragraph 2. The only evidence of any such contingency was the letter generated after the controversy as to access had been raised, and that itself is based upon the false premise that there was no access to the property. The court finds the contract contained no financing contingency.

(3) Buyer maintains that the title proposed to be conveyed to him was defective in that no access to the property was tendered. A review of tax map parcel 34-117 clearly shows that the property fronts on State Route 628 and thus some access to that road is contained in the description of the property to be conveyed.

Buyer tellingly testified that based upon the results of an inquiry by his two experts, there "was not enough access to obtain a VDOT entrance permit." One expert on title examination, Herbert Hewitt, Esquire, advised defendant that "I cannot determine the amount of road frontage on Rt. 629 but it appears by this *plat and the tax map* to have some road frontage. A survey will be required for a definitive answer." (Emphasis supplied.) Buyer's second expert, the surveyor, Mr. Hawkins, advised the Buyer, and testified at trial, that there was at a minimum of fifteen to seventeen feet access in fee. And the Buyer acknowledged this access (though erroneously describing it as an "easement") in a December 30, 1997, letter to counsel for the Seller in which he wrote:

> Upon having a surveyor check the property, it revealed that it had only a seventeen (17) foot easement. I would not settle on the property unless the frontage problem could be resolved by the seller.

The inherent problem with this third defense is that while the Seller did, as noted above, contract to sell the property with access to 629, the contract contained no specification as to the width of that access. The Seller did not contract to provide sufficient access to obtain a VDOT entrance permit. The Seller did contract to provide access, reasonable access under all the circumstances, and the court finds that a minimum access of fifteen to seventeen feet, which has always been conceded by the Buyer, is reasonable.

Had Buyer wanted a specific amount of access, and found apparently existing access inadequate, the contract itself provided a contingency to accommodate him. Paragraph 5 of the contract, "Study Period," to use a term from mathematics, approaches a "personal satisfaction" clause as a limit. The paragraph recites in subparagraph D:

> If the purchaser's plan for development of the property is not practical, at the *purchaser's sole discretion*, the purchaser may void

this contract by delivering written notice to the Seller before the expiration of the study period . . . .

(Emphasis supplied.)

Buyer chose a fourteen-day study period and let his chosen time period expire without exercising his right to void the contract. The term "practical" in the clause is of such indefiniteness as to functionally equate to a personal satisfaction clause. That clause offered Buyer innumerable reasons to void the contract.

Moreover, Buyer had himself viewed the property and admitted finding two boundary pins on 629 which he estimated were between 150 and 200 feet apart. That estimate was, according to Buyer's testimony, concurred in by Ms. Taylor-Jones, the real estate salesperson involved. And finally, when a survey was ultimately done, there was in fact 181 feet of road frontage.

In short, Buyer was tendered that which he contracted to buy, approximately 132 acres with access to Rt. 629. See *Watson v. Avon Street Center*, 226 Va. 614, 311 S.E.2d 795 (1984); *Yamada v. McLeod*, 243 Va. 426, 416 S.E.2d 222 (1992). For this reason, there was no title defect and this third defense fails.

(4) The fourth defense raised by Buyer is that Seller failed to mitigate his damages. More specifically, Buyer notes that the contract which forms the basis of this litigation presumed the existence of 132 acres and was for a sales price of $212,500, or approximately $1600 per acre. That contract was to close on October 17, 1997. The property ultimately sold for $1136 per acre (based upon the actual acreage involved of 118.5 acres) on October 2, 1998, at a sales price of $134,500. Gollohan points out that the ultimate survey of the land cost $6500, which resolved the access width at 181 feet and maintains that the drop in price of approximately $450 per acre over a one year period was precipitous and is indicative of a failure to mitigate damages.

A person injured by a breach of contract has a duty to make all reasonable efforts to minimize his damages. *Lawrence v. Wirth*, 226 Va. 408, 309 S.E.2d 315 (1983); *Hannan v. Dusch*, 154 Va. 356, 153 S.E. 824 (1930). However, one asserting a failure to minimize damages has the burden of proving that failure by the preponderance of the evidence. *Fox-Sadler v. Norris Roofing Co.*, 229 Va. 106, 112, 327 S.E.2d 887, 890 (1985); *Foreman v. Caligari, Inc.*, 204 Va. 284, 290, 130 S.E.2d 447, 451 (1963).

In the present case, the Buyer only offered as evidence of the failure to minimize the disparity in sales price noted above. On behalf of the Seller was the testimony of Ms. Taylor-Jones, the realtor involved in both transactions, that the rumor of substantial access problems had reached those normally potential buyers in the area and that, to her knowledge, that rumor discouraged serious interest in the property. She further opined that the ultimate sales price was reasonable under all the circumstances. In light of the foregoing, the court concludes that Buyer has failed to meet his burden of proof as to failure to minimize damages.

Setting aside such items as grantor's tax and attorney's fee related to a real estate contract, but recognizing a 10% real estate commission, Seller would have netted approximately $191,000 had the original contract closed. Seller ultimately netted $126,000, a difference of $65,000. Judgment is granted Seller for that sum, plus interest at the judgment rate (or rates) from October 17, 1997, the original closing date.

Paragraph 20 of the sales contract recites that in the event of litigation "the prevailing party shall be entitled to . . . reasonable attorney's fee . . . ." Seller prevailed in this litigation. Seller's counsel has submitted a bill and request for attorney's fees in the amount of $6150, calculated at forty-one hours at $150 per hour.

Expert testimony as to the reasonableness of the attorney's fees claimed is not necessary where, as here, the court has held a hearing on the matter, the amount claimed is documented as to time and hourly rate, and the court is to review the file. See *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 413 S.E.2d 611 (1992); *Arvin, Inc. v. Sony Corp.*, 215 Va. 704, 707, 213 S.E.2d 753, 755 (1975); *R. F. & P. Corp. v. Little*, 247 Va. 309, 440 S.E.2d 908 (1994).

The Supreme Court addressed the question of reasonable attorney's fees in *Mullins v. Richlands National Bank*, 241 Va. 447, 403 S.E.2d 334 (1993):

> Where . . . the contracts provided for attorney's fees, but did not fix the amount thereof, a fact finder is required to determine from the evidence what are reasonable fees under the facts and circumstances of the particular case. See *Beale v. King*, 204 Va. 443, 132 S.E.2d 476, 478 (1963). In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances.

See also, *Campbell County v. Howard*, 133 Va. 19, 112 S.E.876 (1922).

For example, the court in *Rappold v. Indiana Lumberman's Mutual Ins. Co.*, 464 Va. 10, 15, 431 S.E.2d 302, 304 (1993), found reasonable attorney's fees and costs which amounted to "only 18.3% of the $175,000 claim."

Though dealing with attorney's fees in a domestic relations context, reported cases nonetheless indicate parameters and principles as to their reasonableness. An award of attorney's fees is necessarily "tied to the decision on the merits of the case." *Antonelli v. Antonelli*, 11 Va. App. 89, 95, 396 S.E.2d 698, 701 (1990), reversed on other grounds, 242 Va. 152, 409 S.E.2d 117 (1991); see also, *Stratton v. Stratton*, 16 Va. App. 878, 433 S.E.2d 920 (1993). And attorney's fees are to be awarded upon "a proper showing of what is reasonable." *Robertson v. Robertson*, 215 Va. 425, 430, 211 S.E.2d 41, 45 (1975), cited with approval in *Greene v. Greene*, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982).

Finally, in any context, the determination as to the amount of reasonable attorney's fees is addressed to the sound discretion of the court and is only reversible upon appeal for an abuse of that discretion. *R. F. & P. Corp., supra*, 247 Va. at 323, 440 S.E.2d at 917; *Lassen v. Lassen*, 8 Va. App. 502, 511, 383 S.E.2d 471, 476 (1989); *Graves v. Graves*, 5 Va. App. 426, 435, 357 S.E.2d 554, 558 (1987).

The court concludes the attorney's fee requested is reasonable and it is awarded in the amount of $6150 with interest at the judgment rate beginning the date of entry of a final order in this cause.