COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner


JEFFREY K. HARMAN AND
 RITA GAY HARMAN
                                                          MEMORANDUM OPINION[*]
v.        Record No. 1914-13-3                                PER CURIAM
                                                           JANUARY 14, 2014
JOEY W. HARMAN, FONNIE HARMAN,
 STEPHANIE CAMPBELL AND
 CLECO CORPORATION


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

(Robert M. Galumbeck; Galumbeck, Dennis & Kegley, on brief), for
appellants.

(A. Benton Chafin, Jr.; Chafin Law Firm, P.C., on brief), for
appellees.


Jeffrey K. Harman and Rita Gay Harman appeal the trial court's June 11, 2013 order finding

Jeffrey in contempt of its December 5, 2011 order. Finding no error in the trial court's decision, we

summarily affirm. See Rule 5A:27.

The December 5, 2011 order was the culmination of protracted litigation between Jeffrey

and his brother, Joey Harman,[1] sorting out their respective interests in Cleco Corporation. In the

wake of appellant's action to dissolve Cleco Corporation, appellee filed an election to purchase

appellant's shares. Both parties presented extensive evidence regarding the assets of the company,

including expert testimony regarding the company's value. After considering the evidence, the trial

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although other persons and entities are parties to this action, the dispute, at its core,
concerns the two brothers. For the sake of simplicity, this opinion will refer to Jeffrey as
"appellant" and to Joey as "appellee."

court made findings regarding the value of the company and its equipment, all of which were incorporated into the December 5, 2011 order.

Pursuant to that order, appellee was ordered to pay a specific sum for appellant's shares by December 6, 2011, and appellant was ordered to transfer his shares. Pursuant to paragraph 20 of the order, appellant was also ordered to return personal property belonging to Cleco Corporation. That paragraph stated as follows:

> The Plaintiffs [Jeffrey, et al.] are ORDERED to return all of the personal property of Cleco Corporation removed by Plaintiffs or Plaintiffs' children, including all items in their possession, to Cleco Corporation on or before December 6, 2011.

The next paragraph, paragraph 21, provided further that

> [d]efendants [Joey, et al.] shall have the right to proceed hereafter in a separate action, if necessary, against the parties herein and/or to recover or seek damages to, if any, the personal property currently or in the future identified as property of Cleco Corporation if not returned by Plaintiffs, Plaintiffs' children, or other parties in possession of same.

On June 4, 2012, appellee moved the trial court for a rule to show cause why appellant and his family members should not be imprisoned and/or fined for their failure to comply with the December 5, 2011 order by "not returning all of the personal property of Cleco Corporation removed by Plaintiffs or Plaintiffs' children, including all items in their possession, to Cleco Corporation on or before December 6, 2011." Following a hearing on the show cause motion, the trial found appellant remained in possession of several items of personal property belonging to Cleco, and held him in contempt. The trial court ordered appellant to return a skid steer track and a four-wheeler to Cleco within ten days, and to pay Cleco $393.50 for fender flares, bed caps, a ready lift, and a cold air kit. The trial court sentenced him to thirty days in jail, all of which was suspended on the condition that appellant comply with the trial court's order. The

trial court noted that the contempt finding would be purged upon appellant's compliance with the order.[2]

In reviewing the trial court's factual findings supporting its judgment of contempt, we give the findings "great weight and will not . . . disturb[] [them] on appeal unless plainly wrong or without evidence to support [them].'" Fisher v. Salute, 51 Va. App. 293, 303, 657 S.E.2d 169, 174 (2008) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997)).

Wesley Wallace, a shop supervisor manager for Cleco, and Stephanie Campbell, the Cleco officer manager, testified that the company purchased truck accessories for the company truck which were not returned with the truck upon the sale of appellant's interest. These items included the fender flares, bed caps, ready lift, and cold air kit (hereinafter "truck accessories"). Appellee offered receipts into evidence supporting this testimony.

Appellee also produced a receipt indicating that the company had purchased a set of metal tracks to be used with a skid steer. Wallace noted that the metal tracks had been taken to appellant's home "to do a job" and had not been returned.

Appellant acknowledged he had a set of skid-steer tracks that belonged to the company on his property. He also admitted he had a four-wheeler that had been purchased by Cleco. Appellant was uncertain as to whether the four-wheeler was deducted from the purchase price he was paid for his share of the company, but maintained that it was not on the equipment list when the trial court determined the company's value. While appellant testified that the four-wheeler and the truck accessories were charged to him personally, he produced no evidence supporting that testimony.

---

[2] The record is silent as to whether appellant purged the contempt finding by complying with the trial court's June 11, 2013 order.

On appeal, appellant maintains the trial court erred by finding him in contempt because the items of personal property he had not returned were either his personal property or were not included in the December 5, 2011 order. He contends the only items he was obligated to return pursuant to the December 5, 2011 order were those listed in the October 21, 2011 letter opinion in which the trial court made its factual findings regarding the value of the company shares and equipment. That letter opinion included the following provision:

> 7. Items Removed By Jeff Harman or His Children
>
> All office products, uniforms, cell phones, laptop or desktop computers that are owned by CLECO are to be returned to CLECO immediately after the purchase of plaintiffs' stock by defendant.

Appellant asserts these are the only items found by the trial court to have been "removed" by him and his family, and therefore, any other Cleco property in his possession was not subject to paragraph 20 of the December 5, 2011 order.

We disagree. "It 'is within the discretion of the trial court' to conduct civil contempt proceedings[;] thus we review the exercise of a court's contempt power under an abuse of discretion standard." Petrosinelli v. People for the Ethical Treatment of Animals, Inc., 273 Va. 700, 706, 643 S.E.2d 151, 154 (2007) (quoting Arvin, Inc. v. Sony Corp. of Am., 215 Va. 704, 706, 213 S.E.2d 753, 755 (1975)). A trial court may hold an offending party in contempt for "'acting in bad faith or for willful disobedience of its order.'" Commonwealth Dep't of Soc. Servs. ex rel Graham v. Bazemore, 32 Va. App. 451, 455, 528 S.E.2d 193, 195 (2008) (quoting Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991)). "'[B]efore a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied.'" Winn v. Winn, 218 Va. 8, 10, 235 S.E.2d 307, 309 (1977) (quoting Wood v. Goodson, 485 S.W.2d 213, 217 (Ark. 1972)).

Trial courts "have the authority to interpret their own orders," and appellate courts "give deference to the interpretation adopted by the lower court." Fredericksburg Constr. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000). Here, the trial court reasonably interpreted the December 5, 2011 order based on the plain language in paragraph 20 requiring appellant and his family to return all of Cleco's personal property "in their possession."

The evidence was undisputed that the items appellant was ordered to return or purchase pursuant to the June 11, 2013 order belonged to the corporation. Appellant's only defense was that those items were not specifically listed among those recited in the trial court's October 21, 2011 letter opinion as items which had been removed by appellant and his family.

As we cannot say the trial court abused its discretion, we summarily affirm its decision holding appellant in contempt.[3] Rule 5A:27.

Affirmed.

---

[3] As the trial court did not abuse its discretion by finding appellant in contempt, we also find no error in its award of attorney's fees against him. See Arvin, Inc., 215 Va. at 706, 213 S.E.2d at 755 ("'[I]t is within the discretion of the trial court to include, as an element of damages assessed against the defendant found guilty of civil contempt, the attorneys' fees incurred in the investigation and prosecution of the contempt proceedings, both under the common law . . . and under express statutory provisions . . . .'" (quoting Annot., "Allowance of Attorneys' Fees in Civil Contempt Proceedings," 43 A.L.R.3d 793, 796, *et seq.* (1972)).