# Richmond

## Margaret Bennett v. S. W. Bennett.

April 26, 1948.

Record No. 3303.

Present, All the Justices.

The opinion states the case.

*A. S. Hester*, for the appellant.

No appearance for the appellee.

Staples, J., delivered the opinion of the court.

This is an appeal from a final decree of the Circuit Court of Lynchburg denying the prayer of the bill of complaint of appellant, Margaret Bennett, for a divorce from her husband, S. W. Bennett. The marriage on the 28th day of

September, 1946, was proven both by the testimony of appellant and by filing with the bill a duly certified copy of the marriage certificate. The pertinent provisions of the charge against the appellee contained in the bill are as follows:

"That they lived together as husband and wife only three days; and,

"That the said S. W. Bennett has wilfully deserted and abandoned your complainant, that is to say, three days after said marriage, the said S. W. Bennett did, wilfully and without any justification whatever, abandon and desert complainant; and,

"That the said S. W. Bennett has since the aforesaid marriage committed adultery with other women, the names of whom are unknown to complainant; that the said S. W. Bennett was seen in a house of ill-fame in the City of Washington, D. C., where he staid or visited for several weeks, the inmates of said house being women of ill repute, that is to say, the house was a house of assignation where men and women met and visited for sexual intercourse; that complainant has not lived with the said S. W. Bennett since learning of said adultery; that at the time of the institution of this suit it had not been five years since said adultery was committed; and that it was not committed through the connivance or procurement of complainant; and,

"That your complainant and the said S. W. Bennett last lived together as husband and wife in the City of Lynchburg, Virginia; and,

"That the said complainant now resides in the City of Lynchburg, Virginia, and has resided and been domiciled in the state of Virginia for more than one year next preceding the institution of this suit; and that the defendant, S. W. Bennett, is not a resident of the state of Virginia and his last known post office address was Winston Salem, North Carolina; * * *."

There was an order of publication against the appellee but he did not appear in the circuit court, nor has he appeared here to question the truth of the charges made against him, or of the evidence adduced in support of them.

The decree appealed from provides that "the court is of opinion that the bill does not properly allege desertion on the part of the respondent nor does the bill properly allege adultery on the part of said respondent and doth so decide. The court is further of opinion that the evidence does not establish desertion as a ground for divorce nor does the evidence establish adultery as a ground for divorce and doth so decide.

"Whereupon the court doth adjudge, order and decree that the bill be dismissed."

The learned chancellor did not assign any reasons for the conclusions reached.

The evidence in the case consisted of the deposition of the appellant, which was corroborated by that of another witness, Mildred Collins. They both testified that the appellee deserted and abandoned his wife after they had been married only three days and that he had never returned; that his place of residence when the testimony was given was unknown, but that his last known place of residence was Winston Salem, N. C. Appellant testified that a short time after he had left her she had gone to Washington, D. C., to see her husband and called at the place where she was told he was working, but he was not there and she was told that she could probably find him at another designated house in that city. Upon going there she found him in a room with a woman and he would not let her in. She also testified that the house in which she found him was a brothel or house of ill fame. Mildred Collins, a resident of Lynchburg, corroborated the testimony of the appellant both with respect to the desertion, and to the character of the house appellant had found him in. She also testified that she had seen appellee at the said house of ill fame on a number of occasions, extending over a period of several weeks. The truth of none of this testimony is in any way challenged, as the appellee made no appearance and consequently did not undertake to explain his presence in said house.

We think the charge of desertion contained in the bill is sufficient, and that the evidence is adequate to support it. See *Bailey* v. *Bailey*, 21 Gratt. (62 Va.) 43. *Bowman* v. *Bowman*, 180 Va. 200, 22 S. E. (2d) 29, and cases therein cited. We are also of opinion that the charge of adultery contained in the bill is specific enough and that it is supported by sufficient evidence to entitle the appellant to a decree of divorce *a vinculo matrimonii*. *Latham* v. *Latham*, 30 Gratt. (71 Va.) 307; *Throckmorton* v. *Throckmorton*, 86 Va. 768, 771, 11 S. E. 289. The decree appealed from is reversed and the cause remanded to the circuit court, with direction to enter a decree granting the appellant a divorce *a vinculo matrimonii* in accordance with the views expressed in this opinion.

*Reversed and remanded.*