## CIRCUIT COURT OF LOUISA COUNTY

Va. Electric & Power Co.

v.

Harris et al.

June 9, 1971

By JUDGE ROBERT K. WOLTZ

I regret there has been a disagreement concerning costs. However, I have reviewed all the correspondence on the subject, the various statutes cited, and in addition I have examined certain statutes not cited.

I think the difficulty may be over the distinction as to what party is initially responsible for payment of costs and what party is ultimately allowed to recover his costs from the other party. In addition, there is the subsidiary question of what costs are so recoverable as well as the difference between cases generally and eminent domain proceedings.

By § 14.1-105 the sheriff is entitled to a fee for summoning witnesses, and by § 14.1-97 that fee is chargeable to the party at whose instance the service was performed.

By § 14.1-190 a person attending as a witness under a summons is entitled to the attendance fee mentioned, plus seven cents a mile over ten miles in coming to and returning from court and for the cost of various tolls, which are not involved in the present dispute. By Section 14.1-191 the attendance and mileage of witnesses attending under a summons shall, except in certain instances not applicable here, be paid by the party for whom summons issued.

Section 14.1-198 provides that the clerk shall tax in the costs the fees of officers with which a party

appears to be chargeable, which would include the fee of the sheriff allowed under § 14.1-105(2) for summoning witnesses. I did not find at any point where the statutes specifically said that the attendance and mileage of witnesses are to be taxed as costs, but from the general tenor of Chapter 3 of Title 14.1 and the specific provisions of §§ 14.1-188 and 14.1-194 as well as § 14.1-99 in Chapter 2, I have no doubt but that they are costs, and established practice confirms this. Inescapably these are costs.

Section 14.1-178 states the general rule as to recovery of costs on final judgment as follows: "Except when it is otherwise provided, the party for whom final judgment is given in an action or motion, whether he be plaintiff or defendant, shall recover his costs against the opposite party. . ." Section 14.1-99 states in part that when an officer or witness whose fees or certificates (for attendance and mileage) are noted in accordance with other provisions of the section "shall be paid the same out of the costs by the person against whom the judgment or decree is. . ."

Thus it becomes apparent that the expense of summoning witnesses and the expense of attendance and mileage of witnesses are costs of suit taxable by the clerk as such and that the prevailing party may recover these costs from the opposite party. Except by resort to sophistry, it is impossible to say in an eminent domain proceeding which of the parties to it is the prevailing party. That no doubt is the reason for the enactment of § 25-46.32 which states that except as otherwise provided in its own chapter "all costs of the proceeding in the trial court which are fixed by statute shall be taxed against the petitioner. . ." The costs in dispute are taxable costs which are fixed by statute and as to which I find no exception in Chapter 1.1 of Title 25. Therefore, I find that such costs are taxable against the petitioner.

Section 14.1-194 provides for restriction by the court of the taxation in the costs for witnesses "to so many as may be deemed just." Under the circumstances of this case, I do not find that the number of witnesses, the costs for which the land owner seeks to have taxed against the petitioner, is excessive.

Nowhere in the statutes do I find any distinction as to the statutory costs with respect to the type of

witness involved, that is, whether he is an expert or otherwise. Likewise, I find no statutory provision that would authorize taxing against the petitioner contractual fees which the land owner may have had to pay any witness as an expert, and so no such fees if any there be are so taxable.