# Richmond

WALTER S. ROBERTSON, JR. v. LUISA PINILLOS ROBERTSON.

January 20, 1975.

Record No. 740097.

Present, All the Justices.

*Harry P. Anderson, Jr. (William F. Parkerson, Jr.; Anderson, Haw, Parkerson & Beazley,* on brief), for appellant.

*R. Harvey Chappell, Jr. (James W. Tredway, III; Christian, Barton, Epps, Brent & Chappell,* on brief), for appellee.

Carrico, J., delivered the opinion of the court.

In this domestic relations case, the wife, Luisa Pinillos Robertson, filed a bill of complaint for divorce on the grounds of desertion (Code § 20-91 (6)) and adultery (Code § 20-91 (1)). The husband, Walter S. Robertson, Jr., filed a cross-bill for divorce on the ground of two years separation (Code § 20-91 (9)). The trial court awarded the wife a divorce on the grounds set forth in her bill of complaint; ordered the husband to pay alimony of $19,999.92 per year, counsel fees of $10,000, and certain expenses claimed by the wife in connection with the divorce proceeding; directed the husband to replace any furniture or furnishings removed from the wife's apartment; and dismissed the husband's cross-bill. The husband has appealed.

The record shows that the parties were married June 19, 1965. Their marriage was childless. They separated August 11, 1971, when the husband deserted the wife. On various dates following the separation, the husband engaged in an adulterous relationship with another woman. The wife filed her bill for divorce on the grounds of desertion and adultery on July 19, 1973. The husband filed his cross-bill for divorce on the ground of two years separation on August 22, 1973, at which time the two-year period from the date of the original separation had become complete.

The husband contends that under the foregoing circumstances it was error to award the wife a divorce on the grounds of desertion and adultery. He argues that because the two-year separation period had become complete subsequent to the desertion and the acts of adultery, the ground of divorce based upon such separation took precedence over the other grounds. The legislature intended, the husband asserts, in enacting Code § 20-91 (9), the two-year divorce statute, to dissolve marriages without regard to the fault of the parties. The legislature further intended, the husband says, that where a court has a choice between a cause of action for a "no fault" divorce and a cause seeking to fix fault, "the cause without fault to either party should be chosen."

We cannot agree with the husband. We find nothing in Code § 20-91 (9), or in any other portion of the divorce law, which suggests legislative intent to give precedence to one proven ground of divorce over another. While, as the husband points

out, a cause of action for divorce under Code § 20-91 (9) is not subject to a plea of res judicata or recrimination with respect to any other ground, no such plea is involved here. We are concerned only with whether a court is required to grant a divorce under the two-year separation statute to the exclusion of all other proven grounds. We hold that such action is not required.

The husband contends alternatively that upon proof by the wife that she was entitled to a divorce on the ground of desertion, it was error to admit evidence of the husband's adulterous conduct occurring after the desertion and to base the award of divorce upon the further ground of adultery. Nothing in the divorce statutes, however, supports this contention of the husband. Furthermore, this court has specifically recognized the propriety of an award of divorce based upon the dual grounds involved here. *See Bennett* v. *Bennett,* 187 Va. 631, 47 S.E.2d 312 (1948). We hold, therefore, that evidence of the husband's adulterous conduct was properly admitted and that the wife was properly awarded a divorce on the grounds of desertion and adultery.[1]

This brings us to the principal question raised by the husband: whether the amount of alimony, $19,999.92 per year, awarded the wife is excessive. In resolving this question, the applicable rule requires a husband, within the limits of his financial ability, to maintain his former wife in the manner to which she was accustomed during the marriage. A fair allotment to a wife is determined by balancing her needs against the ability of the husband to pay, considering both his actual earnings and his capacity to earn, whether from his personal exertions or his property. *Klotz* v. *Klotz,* 203 Va. 677, 680, 127 S.E.2d 104, 106 (1962); *Taylor* v. *Taylor,* 203 Va. 1, 3, 121 S.E.2d 753, 755 (1961).

In the present case, we are unable to determine from the record how the trial court arrived at the amount of the alimony award. The judge rendered no opinion, made no findings of fact,

---

[1] The husband complains of certain expenses allowed by the trial court, which the wife claimed in connection with the divorce proceeding. The husband does not contend that the court lacked authority to allow the expenses, so we express no opinion on the question of authority. Rather, the husband's objection is to the relevancy of the matters for which the expenses were incurred. Given that narrow objection, we will not disturb the allowances.

and set forth no computations. Employing figures and combinations of figures from the record, we have unsuccessfully attempted to reconstruct the award. Accepting the amount awarded as necessary to support the wife in the manner to which she was accustomed during the marriage, we still are without an explanation from the record to justify the amount in terms of the husband's ability to pay.

Nor has the wife provided a reasonable explanation of the manner in which the award was computed. She has attempted to justify the amount by arguing that the husband should have received a greater return on certain investments [2] and that the trial court could have considered the enhanced return in making its award. But the rate of return received by the husband was in accordance with an investment plan followed during the marriage and established with advice of competent counsel. There is no indication that the husband designed the plan to frustrate the wife's efforts to secure alimony. So the possibility of a greater return should not be considered. *See Brauer* v. *Brauer*, 215 Va. 62, 205 S.E.2d 665 (1974).

The wife also attempts to justify the amount of the award by noting that the husband is a "potential recipient of a substantial sum of money . . . under an indenture of trust." The wife refers to a trust fund valued at several million dollars in which the husband, upon the death of his mother, might share. The trust provides, however, that the mother may designate by will which of her issue will share the fund. Although the mother has "done nothing that would cause [the husband] not to inherit his share," the husband's status with respect to the fund is at present uncertain. Because the husband is only a "potential recipient" of a share of the fund, it is not proper to consider what he might ultimately receive.

The husband, of course, has not attempted to explain the manner in which the trial court computed the award. No duty rests upon the husband to offer such an explanation. It is his burden, however, to point out the unreasonableness of the award, in terms either of the lack of need on the wife's part or of his inability to pay. We believe he has discharged the second

---

[2] The husband's investments, exclusive of certain stock invested in an employer retirement plan, were represented by securities valued at $131,524.74, returning in 1972 dividends of $3,886, or approximately 3%.

facet of this burden, as the following financial picture will demonstrate.

In 1972, the only full calendar year intervening the separation of the parties and the hearing of the case below, the husband had a gross income of $70,957.[3] This figure was expected to rise to approximately $73,957 for 1973.

The husband had been previously married. Pursuant to agreement and court decree, he was obligated to pay alimony and child support. In 1972, he paid $40,236 in discharge of his obligation for that year. Thus, based upon his 1972 income, the husband had $30,721 per year, or $33,721 if the 1973 income figure is used, available for allotment to the present wife and for payment of his personal expenses and other financial obligations. The present wife was awarded $19,999.92 per year. Deducting the amount of the award, the husband was left with $10,721.08 per year, or $13,721.08 if the 1973 income figure is used, for his own purposes. The record shows that both these remaining figures were substantially exceeded by what the husband required, even by conservative estimate, to defray his personal expenses and to discharge his other financial obligations.

We hold, therefore, that the award of alimony of $19,999.92 per year is not supported by evidence and must be set aside. This brings us to the husband's prayer that we fix alimony at $12,000 annually, an amount which he says he is willing to pay. Because, however, of the previously-mentioned inadequacy of the record, we are in no position to fix the amount of alimony. Furthermore, as the wife points out, the husband "should not be allowed to simply substitute his judgment of what is a proper amount." The proper amount should be fixed by the trial court, upon remand, with opportunity given both parties to submit additional evidence.

■ The husband next contends that the amount of counsel fees, $10,000, awarded the wife is excessive. What has been said previously concerning the inadequacy of the record applies as well to the trial court's award of counsel fees. Nothing is shown in the record, save the results obtained by counsel for the wife, to justify or explain the award. Absent such a showing, we will

---

[3] This figure included: salary, $40,875; trust income, $21,816; executor commissions, $937; dividends, $3,886; business profit, $253; and capital gains, $3,190.

not sustain the award. Upon remand, the question of counsel fees should be reexamined and the amount fixed from a proper showing of what is reasonable.

An additional question for consideration concerns the trial court's direction that the husband replace, with "suitable" substitute, any furniture or furnishings which he or anyone other than the wife might remove from the wife's apartment. This directive, the husband contends, amounts to an award of the use and possession, or of the ownership, of the property in violation of the rule enunciated in *Guy* v. *Guy*, 210 Va. 536, 172 S.E.2d 735 (1970).

We do not agree with the husband with respect to the effect of the trial court's directive. The court did not award use and possession or ownership of the property. Those matters are open for future determination. The court merely provided that the apartment occupied by the wife would be furnished according to the standard to which she was accustomed when the parties resided there together. This provision is not violative of the rule enunciated in *Guy*, but is consonant with the holding in *Turner* v. *Turner*, 213 Va. 42, 189 S.E.2d 361 (1972), where we upheld the award of a lump-sum amount to provide a divorced wife suitable furniture and furnishings for her separate home.

Neither do we agree with the wife's contention, asserted by way of cross-error, that the trial court should have required replacement of the furniture and furnishings with "comparable" rather than "suitable" items. The use of the term "suitable" sufficiently protects the wife's interest, and we will not disturb the court's ruling.

For the reasons assigned, the decree of the trial court will be affirmed except as it relates to the award of alimony and counsel fees. With respect to those matters, the decree will be reversed and the case remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Affirmed in part; reversed in part; and remanded.*