## CIRCUIT COURT OF FREDERICK COUNTY

Phillip R. Yount et al.

v.

John O. Hahn et al.

August 22, 1988

Case No. (Law) 88-048 and 88-049

By JUDGE ROBERT K. WOLTZ

The principle issue in this case is whether the parties terminated a written lease by oral agreement, in pursuance of which the tenant surrendered possession of the premises to the landlord who accepted them, or whether there was abandonment of the premises by the tenant in breach of the lease. The landlord (Yount) sues the tenant (Hahn) for rent and certain utility charges claimed due. Hahn defends on the ground that the lease was terminated by mutual agreement and counterclaims for the amount of a security deposit paid to Yount at the inception of the lease.

The lease was entered into in June, 1986, to commence in September for three years at a stipulated rent for that term payable in specified monthly installments. The tenant was responsible for payment of certain utilities and made a deposit as security against unpaid utility costs, rent, and repairs. Further, Hahn agreed to pay

all expenses of collection as to the obligations of the lease, "including reasonable attorneys' fees."

The evidence is not in conflict that Hahn vacated the premises, used for a retail shop, sometime before the end of October, 1987, with twenty-two months remaining on the lease term and a remaining rent reserved of $20,900. The evidence is very much in conflict as to how the vacation came about. Hahn maintains that Yount orally agreed that Hahn could vacate the premises without further liability on the lease. Yount denies ever agreeing to a mutual termination of the lease agreement. There is also dispute as to the date Yount re-entered the premises and whether that re-entry was effective as a termination of the lease or was merely to re-lease and thereby mitigate damages, with the tenant remaining primarily liable under the lease. The lease gave the landlord a right of re-entry for a thirty-day default in payment of rent.

Under the law of landlord and tenant, an abandonment occurs when the tenant vacates the premises with the intent not to be bound by the lease. *Crowder v. Virginia Bank of Commerce*, 126 Va. 299 (1920); *ten Braak v. Waffle Shops, Inc.*, 542 F. 2d 919 (4th Cir. 1976); 11B Michie Jur., *Landlord and Tenant* § 52. The abandoning tenant does not excuse himself from payment of rent for the balance of the lease. The landlord is under no obligation to re-let the premises for the benefit of the tenant but may either let them stay vacant and recover rent for the rest of the lease period or may re-enter and terminate the lease in which event he is entitled to recover only for rent accrued to that time. *Crowder* at page 304. Surrender occurs by express agreement or by operation of law, that is by acts of the parties indicating a mutual consent to surrender such as by relinquishment of possession by the tenant and resumption of possession by the landlord. 49 Am. Jur. 2d *Landlord and Tenant*, §§ 1099 and 1100.

Where there is an abandonment, the landlord has certain options. He may re-enter and terminate the lease, or refuse to re-enter and bring action for rent accrued, or re-enter for the limited purpose of re-letting the premises without termination of the lease. *ten Braak* at page 925. I would add still another option, namely, re-entry without intent to terminate the lease for the purpose of preserving or preventing damage to the premises, such as draining water

pipes to avoid freezing, removal of fire hazard or taking other similar actions to minimize costs and damages. *See Hoster-Columbus Assoc. Breweries Company v. Stag Hotel Corp.*, 111 Va. 223 (1910).

In deciding whether this is a case of surrender by express agreement of the parties or an abandonment by the tenant, examination of basic principles on burdens of proof is in order. The proposition is elemental that the plaintiff landlord has the burden of proving his case by the greater weight of the evidence. Yount as landlord has duly proven the existence of the lease with all its terms and has likewise shown a breach by non-payment of rent for a time covered by the lease and that the premises have been vacated by Hahn prior to the end of the lease period. Having shown that much, ordinarily Yount would be entitled to judgment. Standing in the way, however, is Hahn's assertion that there was a surrender of the premises by express agreement of the parties whereby Hahn relinquished possession of the premises without further obligation under the lease, and Yount re-entered on that basis. But for this assertion by Hahn, the landlord Yount would prevail. That being so, the assertion by Hahn is an affirmative defense to Yount's claim.

The general principle of law is that one who asserts an affirmative defense has the burden of proving it by the greater weight of the evidence. This is true in actions for breach of contract on defenses such as rescission by mutual consent, release or discharge, 29 Am. Jur. 2d, *Evidence* § 142, all three of which are similar to the defense set up in the case at bar, and for like burden in accord and satisfaction, *see Atkins v. Boatwright*, 204 Va. 450 (1963). More specifically the rule as to burden of proof on affirmative defenses applies in landlord tenant cases:

> The rules and principles of evidence applicable in civil actions generally apply in actions for rent. As in other actions *ex contractu*, the plaintiff has the burden of establishing every element of his cause of action upon which the defendant has joined issue; thus, if the defendant traverses the plaintiff's allegation by a denial, or by a plea of the general issue

> when such plea is allowable, the burden of proof is cast upon the plaintiff of proving every material allegation. If, however, the defendant, by his plea or answer, asserts some affirmative defense such as a defense of payment, he has the burden of proving that defense.

49 Am. Jur. 2d, *Landlord and Tenant* § 638.

Without review of the evidence in detail, I observe that it would be highly unusual for Yount, as claimed by Hahn, to have blithely given consent for Hahn to surrender the premises with no further liability respecting the twenty-two months with $20,900 remaining rent when there is no evidence that Yount had any substitute or even a prospective tenant to whom to lease. On the other hand, it would be highly unusual for Hahn to have vacated these premises with the length of time and amount of rent money remaining under the lease terms and incur new obligations by entering into another lease with a different landlord at some other location, without first being assured of a release from the obligation under the existing lease with Yount. I am persuaded that there was never any meeting of the minds between Yount and Hahn to supplant the terms of the solemn formal written lease arrangements they had entered into. "Meeting of the minds" as a concept in contract law has been the subject of some criticism, and it is not of universal application, for surely there are situations where formation of binding contracts occurs without a meeting of the minds.

Nevertheless, under the circumstances of this case, a requirement that there be a meeting of the minds on the matter seems imperative to me for a finding that each of the parties completely released the other from any further responsibility under the terms of the lease agreement. The tenant here has not by the greater weight of the evidence shown that there was a meeting of the minds. The tenant has failed to establish the affirmative defense of termination of the lease by express agreement. On that failure to establish the affirmative defense, the landlord is entitled to a recovery.

Again without any detailed review of the evidence, I find that Yount re-entered the premises in December, 1987; that that re-entry was with the purpose of terminating

the lease with Hahn and not merely for the limited purpose of re-letting the premises without termination and not merely for the purpose of preservation of and preventing damage to the premises. Consequently, all payments which had accrued under the terms of the lease as of the date of re-entry are recoverable by the landlord. This would include the base rent for November and December, the late payment charges for those two months, and the various utility bills submitted.

There are two items sued for which are not recoverable. The first is quite small and not covered by the terms of the written lease. It is the parking fee for December. By oral agreement, Yount leased parking spaces to Hahn at a monthly rental of $16. The rental being payable on a monthly basis and there being nothing to the contrary, this lease of parking spaces would be one month-to-month. Hahn abandoned this parking area in October but gave no notice of such termination prior to the next rent due date. The plaintiff landlord, however, was or should have been aware of that abandonment prior to the due date of the November rent but not sufficiently before that time, and so is entitled to collect the November rent but not that for December.

The next item for which the landlord fails of recovery is provided for in the lease. That is the claim for reasonable attorney's fees as part of the expenses of collection of amounts due under the lease. In Virginia, with perhaps some few statutory or other exceptions, a contract stipulation for attorney fees with respect to enforcing the contract is valid. *Merchants and Planters National Bank v. Forney*, 183 Va. 83 (1944), and *Conway v. American National Bank*, 146 Va. 357 (1926), which like most cases in this jurisdiction on the point involved promissory notes rather than lease agreements. The older of these cases states at page 364:

> [W]here contracts for attorneys' fees . . . are recognized as valid and enforceable, the courts have construed such contracts to be contracts of indemnity by virtue of which the holder of the note is entitled to recover such reasonable attorneys' fees as may be incurred

by him, not exceeding the amount specified in the contract.

By that holding, the plaintiff was prima facie entitled to recover the amount of attorney fees specified with the burden on the defendant to show that the agreed fee was "excessive or unreasonable." But here no specific amount of attorney fees is stated in the agreement. Therefore, the plaintiff must bear the burden of showing what amount would be a reasonable attorney fee under the circumstances. There was no evidence introduced in support of the claim for attorney fees, and only in plaintiff's pleading is there an amount set out and claimed to be so due. Without evidence to support it, this claim must fail, for this is not a case susceptible to judicial notice.

Finally, Hahn's counterclaim for the security deposit made to and still held by Yount is good. That amount is set off against the allowed claims of Yount. This results in a judgment in favor of Yount in the amount of $1,306.18.