## CIRCUIT COURT OF STAFFORD COUNTY

Lane Construction Corp.,
t/a Virginia Paving Co.

v.

Trading Merchandising Co., Inc.

May 30, 1995

Case No. (Law) 94000253

BY JUDGE JAMES W. HALEY, JR.

The issues here for resolution are the propriety of an award of attorney fees and/or pre-judgment interest, and if either or both, the amount of those fees and the rate of that interest.

On April 29, 1993, Virginia Paving entered into a written contract with TMC, Inc., to pave a parking lot for the latter. The contract price was $16,000. The contract contained the following provisions.

> Terms: net 30 days. A late payment charge of 1.5% per month (18% per annum) from the date of the invoice will be added to all unpaid balances over 30 days, but not to exceed the legal rate established in the State of Virginia.
> It is hereby agreed the accepting party shall pay for all reasonable attorney's fees and collection costs in the event of default of any payment terms stated above.

Problems with the parking lot arose soon after the work was completed in June 1993. A manager of Virginia Paving met with TMC and acknowledged that corrections needed to be made. Virginia Paving filed a mechan-

ic's lien. Inspectors from VDOT and an outside expert substantiated TMC's claim of defective workmanship and this fact was made known to Virginia Paving. In October 1993, a settlement proposal was ostensibly reached and reduced to writing. Under that agreement, Virginia Paving was to release the mechanic's lien and immediately receive $12,000. $4,000 was to be held in escrow until Virginia Paving repaired portions of the parking lot and sealed the entire work, this work to be done in April 1994. Virginia Paving was also to warrant its work for two years until May 1996. Virginia Paving rejected these terms because of the warranty provision.

Virginia Paving switched to new (and present) counsel in November 1993 and it is from this date that the presently claimed attorney's fees begin. On July 15, 1994, new counsel for Virginia Paving filed a motion for judgment against TMC for $16,000 plus attorney's fees and interest. TMC filed a counterclaim alleging defective workmanship. Virginia Paving filed a demurrer to the counterclaim which was overruled by the court. In March 1995, TMC offered to settle the case for $12,000.[1]

The case was tried by the court in less than one day on April 13, 1995. Each party offered expert witnesses. The court granted judgment in favor of Virginia Paving in the net amount of $11,000, finding that TMC had proved its counterclaim for defective workmanship and cost of repair in the amount of $5,000.

Virginia Paving asks the court to require TMC to pay its attorney's fees in the amount of $7,517. Counsel for Virginia Paving provided time and rate records. These included rates of $175 per hour for partners and $110 per hour for associates. The time expended was 67.7 hours.

TMC claims that it was not in "default of any payment term" under the contract because the court found Virginia Paving's work defective. The court finds that TMC was in "default" as that term is properly understood in the clause agreed to by the parties. To hold otherwise would render nugatory every such clause relating to attorney's fees agreed to by the parties, if the party agreeing to pay the same proves an offset or counterclaim in any amount, no matter how small.[2]

---

[1] The parties have agreed that this and other offers of compromise are admissible with respect to the questions of attorney's fees and interest. But these offers were not made known to the court until the court decided the underlying case.

[2] The court does not address the question where, unlike here, a breach of contract is so substantial that the claiming party is entitled to no recovery.

TMC further claims that the $7,517 attorney's fee is not "reasonable" in light of the history of the dispute and the result of the trial.

The parties have stipulated that expert testimony as to the reasonableness of the attorney's fees claimed is not necessary where, as here, the court has held a hearing on the matter, the amount claimed is documented as to time and hourly rate, and the court is to review the file. See *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 413 S.E.2d 611 (1992); *Arvin, Inc. v. Sony Corp.*, 215 Va. 704, 707, 213 S.E.2d 753, 755 (1975); *R. F. & P. Corp. v. Little*, 247 Va. 309, 440 S.E.2d 908 (1994).

The Supreme Court addressed the question of reasonable attorney's fees in *Mullins v. Richlands National Bank*, 241 Va. 447, 403 S.E.2d 334 (1993):

> Where . . . the contracts provided for attorney's fees, but did not fix the amount thereof, a fact finder is required to determine from the evidence what are reasonable fees under the facts and circumstances of the particular case. *See Beale v. King*, 204 Va. 443, 446, 132 S.E.2d 476, 478 (1963). In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances.

See also *Campbell County v. Howard*, 133 Va. 19, 112 S.E. 876 (1922).

For example, the court in *Rappold v. Indiana Lumberman's Mutual Ins. Co.*, found reasonable attorney's fees and costs which amounted to "only 18.3% of the $175,000 claim." 246 Va. 10, 15, 431 S.E.2d 302 (1993).

Though dealing with attorney's fees in a domestic relations context, reported cases nonetheless indicate parameters and principles as to their reasonableness. An award of attorney's fees is necessarily "tied to the decision on the merits of the case." *Antonelli v. Antonelli*, 11 Va. App. 89, 95, 396 S.E.2d 698, 701 (1990), reversed on other grounds, 242 Va. 152, 409 S.E.2d 117 (1991); see also, *Stratton v. Stratton*, 16 Va. App. 878, 433 S.E.2d 920 (1993). And attorney's fees are to be awarded upon "a proper showing of what is reasonable." *Robertson v. Robertson*, 215 Va. 425, 430, 211 S.E.2d 41, 45 (1975), cited with approval in *Greene v. Greene*, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982).

Finally, in any context, the determination as to the amount of reasonable attorney's fees is addressed to the sound discretion of the court and is only reversible upon appeal for an abuse of that discretion. *R. F. & P. Corp.*, *supra*, 247 Va. at 323, 440 S.E.2d at 917; *Lassen v. Lassen*, 8 Va. App.

502, 511, 383 S.E.2d 471, 476 (1989); *Graves v. Graves,* 5 Va. App. 426, 435, 357 S.E.2d 554, 558 (1987).

The facts relevant to a determination of reasonable attorney's fees are not in dispute. Prior to the intervention of any attorneys, a representative of the Virginia Paving had acknowledged the work was defective in part. This individual testified to this effect at trial. A compromise was ostensibly entered into and reduced to writing between counsel for TMC and original counsel for Virginia Paving in October 1993 at which time Virginia Paving would have received $12,000 and $4,000 in April 1994 when repairs were completed and warranted. This compromise was rejected. New counsel for Virginia Paving filed the motion for judgment. New counsel filed a demurrer to the counterclaim which was overruled. Within sixty days of trial Virginia Paving rejected a second compromise settlement of $12,000 which would have resolved the dispute and released Virginia Paving from any further responsibility with respect to the contract, that is, without any requirement to repair or warrant its prior work. At trial, Virginia Paving only prevailed upon its claim for $11,000, $1,000 less than for which it could have settled its case. The $7,517 claimed attorney's fees amount to 47% of the $16,000 claim and 68% of the $11,000 judgment.

A contract clause requiring the payment of attorney's fees is not an executed blank check authorizing the payee to fill in any amount. Nor is such a clause a license to promote and prolong litigation free of the cost of counsel.

Virginia Paving's own employee admitted some work was defective before attorneys became involved for either party. This case could have been, and should have been, settled upon terms that were reasonable to the parties. Yet Virginia Paving chose to go to trial and ended up with less than that for which it could have settled the case six months before. Finally, TMC was forced to hire its attorneys and expert witnesses at its own expense. The concept of fundamental fairness is subsumed in the meaning of the word "reasonable."

In consideration of the facts of the instant case and the principles of law set forth above, the court sets reasonable attorney's fees for Virginia Paving at $2,350.

Virginia Paving claims interest from July 16, 1993, at the rate of 18% *per annum.* This claim is based upon the contract provision set forth above.

It should be noted, as an aside, that the provision in question calls for a "late payment charge" rather than "interest." In any event, payment is not

late until it is due. The commentator in 10B M.J., *Interest*, § 4, notes 6-9, page 327, states:

> Therefore, interest ought not to be allowed where the accounts are unliquidated and disputed between the parties, nor where the claim, although just, is doubtful, at least not up to the time of judgment.

Though dealing with pre-judgment interest pursuant to Code § 8.01-382, rather than a claim of contract interest, the Supreme Court in *J. W. Creech v. Norfolk Air Conditioning*, 237 Va. 320, 325-326, 377 S.E.2d 605, 608 (1989), left to the fact-finder to determine the time (and rate) from which interest should run during a dispute over payment in a construction contract.

In the instant case, even before the expiration of the thirty day grace period in the contract provision, an agent of Virginia Paving had acknowledged errors needing correction in the construction of the parking lot and at that point the claim was no longer liquidated. This fact, along with the history of the dispute and TMC's settlement proposals set forth above, leads the court to conclude that the demand was reasonably "disputed between the parties," and certainly so by TMC, and payment was not due until the resolution of that dispute. That resolution did not occur until trial. Accordingly, interest will run only from the date of entry of a final order in the case.