COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


NANCY A. MEGILL
                              MEMORANDUM OPINION[*]
v.        Record No. 1906-96-2        PER CURIAM
                                  APRIL 29, 1997
ALLAN D. MEGILL


        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                    David F. Berry, Judge

        Nancy Anne Megill, pro se.

        (Ronald R. Tweel; Michie, Hamlett, Lowry,
        Rasmussen & Tweel, P.C., on brief), for
        appellee.  Appellee submitting on brief.


                            I.

        The appellant contends that the trial court erred by not

granting her a final decree of divorce on the ground of physical

cruelty.  In support of her contention, she argues that

because she suffered "acute domestic violence" this Court should

"take a firm stand" against domestic violence by reversing the

trial court (1) for permitting "the husband's attorney [to]

change the grounds for divorce from their original filing" and

(2) for awarding the divorce on the grounds of having lived

separate and apart for more than one year.  The appellant asserts

that she should be granted a divorce on the ground of physical

cruelty in order to restore her personal dignity.

---
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

A trial court is authorized by Rule 1:8 and Code § 8.01-377 to permit a party to amend pleadings to allege a different or dual grounds of divorce from that initially pleaded. When the pleadings allege and the evidence proves dual or multiple grounds for divorce, the trial court does not err by granting a divorce on either ground that has been pleaded and proven. Robertson v. Robertson, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975). Thus, although the pleadings and proof may have supported granting the wife a divorce on the ground of physical cruelty pursuant to Code § 20-91(6), the trial court did not err by granting a divorce on the ground of having lived separate and apart for more than one year pursuant to Code § 20-91(9). Accordingly, we affirm the trial court's final decree of divorce granting the parties a divorce on the grounds of having lived separate and apart for more than one year.

## II.

The appellant variously assigns as error the trial court's failure to take into account the inequality of the parties' legal representation, that the court "interchanged equitable distribution for spousal support," and by limiting the hearings to the "partial agreement" the court denied the wife her right to trial on all issues. The appellant asks this Court to grant her the following relief as a result of the alleged error: require the husband to pay three years of COBRA premiums, require him to designate her a fifty percent beneficiary on a life insurance

policy in order to protect spousal support, set deadlines for the husband to comply with the trial court's distribution order, require husband to pay fifty percent of the 1994 federal income tax obligation, revise the date of the QUADRO division, require husband to pay $2,000 for damaging the marital home, hold the husband in contempt for nonpayment of spousal support, require the husband to pay the real estate appraiser, require the husband to pay various expenses associated with the transfer and maintenance of the house, require the husband to transfer title or register a car for her use, and other miscellaneous relief.

An appellant has the responsibility to provide the appellate court with an adequate record of the trial proceedings and a sufficient brief of legal authority to enable the court to reasonably understand the nature of the appeal and the underlying facts upon which the appeal is based. Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). An appellate court does not have the responsibility of scouring the record to understand the facts and to develop the legal research and argument necessary to support a party's legal position. Id. The appellant has failed to provide us with an adequate appendix or references to the record to enable us to address the factual issues that have been raised, has failed to provide us with necessary references to legal authority in support of her claims and requests for relief, has raised various issues for the first time on appeal in violation of Rule 5A:18, and has for the first

time requested specific relief in the appellate court that was not requested in the trial court.  See Rogers v. Rogers, 170 Va. 417, 421, 196 S.E. 586, 588 (1938).  For the foregoing reasons, appellant's remaining assignments of error and requests for relief are insufficient and are denied.

Affirmed.