## CIRCUIT COURT OF THE CITY OF RICHMOND

Plantation House, L.P.

v.

Anderson & Strudwick, Inc.

June 12, 1998

Case No. LC-1580

BY JUDGE MELVIN R. HUGHES, JR.

This matter is before the court on the plaintiff's post trial Motion for Attorney's Fees and Costs. The case is a suit by a landlord to recover rents due from a tenant under two written commercial leases. Section 20 of the 1988 and 1995 leases provides that "Landlord shall also be entitled to recover from tenant all cost of collection, including attorney's fees" in the event the rent is not paid when due.

The trial resulted in a jury verdict of $17,607.28 on the plaintiff's clam for rent, as well as an award of $7,607.28 on the defendant's counterclaim for breach of contract. The net damages award to plaintiff is $10,000. Final judgment was suspended by order dated March 10, 1998, pending the court's ruling on plaintiff's Motion, which was argued in May 1998.

The trial, which lasted three days in February 1998 before a jury, was largely concerned with evidence on the issue of constructive eviction. This question was raised by the defendant tenant in a counterclaim to the landlord's claim for rent. Because the focus at trial was on constructive eviction asserted in one of three counts in defendant's counterclaim and the landlord's defenses to that claim, the tenant argues that the landlord can only claim those attorney's fees incurred in the collection of rent under its claim and not those in defending its counterclaim. The court finds that the landlord's defenses to the tenant's counterclaim was a "cost of collection,

including attorney's fees" within the meaning of lease provision; the court determines that plaintiff-landlord is entitled to all the attorney's fees it claims

A contract stipulation for attorney's fees with respect to enforcing the contract is valid in Virginia. *Merchants and Planters National Bank v. Forney*, 183 Va. 83 (1944); *Conway v. American National Bank*, 146 Va. 357 (1926). The party seeking reasonable attorney's fees must prove the reasonableness of the amount sought by introducing evidence in support of the claim. *Mullins v. Richlands Nat'l Bank*, 241 Va. 447 (1991); *Yount v. Hahn*, 13 Va. Cir. 296 (1988); *Lane Constr. Corp. v. Trading Merchandising Co.*, 36 Va. Cir. 399 (1995). "In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." *Mullins*, 241 Va. at 449. Expert testimony as to the reasonableness of the attorney's fees claimed is not necessary where the court has held a hearing on the matter, the amount claimed is documented as to time and hourly rate, and the court is able to review the file. *See Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94 (1992); *Arvin, Inc. v. Sony Corp.*, 215 Va. 704, 707 (1975); *Richmond F. & P. Corp. v. Little*, 247 Va. 309 (1994). The plaintiff here has submitted affidavits and detailed time records in support of its application. The defendant presented nothing to contradict these affidavits, other than asserting that the majority of plaintiff counsel's time was spent on defending the counterclaim. *See Tazewell*, 243 Va. at 111.

The Virginia Supreme Court has not ruled on the issue of whether a party may recover attorney's fees incurred in defending a counterclaim.[1] Numerous federal circuits have addressed the collection of attorney's fees for both claims and counterclaims. *See Michael-Regan Co. v. Lindell*, 527 F.2d 653 (9th Cir. 1975) (citing *Commercial Credit Corp. v. Wollgast*, 11 Wash. App. 117, 521 P.2d 1191 (1974)); *Duryea v. Third Northwestern National Bank of Minneapolis*, 606 F.2d 823 (8th Cir. 1979); *Exchange National Bank of Chicago v. Daniels*, 763 F.2d 286 (7th Cir. 1985). While *Lindell* involved fees related to a manufacturer's defense of a breach of warranty action by a buyer as well as the manufacturer's successful counterclaim (the flip-side of the instant suit), the rationale still applies. Here, the counterclaim was directly

---

[1] The Circuit Court of Westmoreland County rejected a claim of attorney's fees when the plaintiff failed to present *any* evidence of the time devoted solely to the breach of contract suit (as distinguished from the fees associated with defending the defendant's counterclaim). *Melba Marine, Inc. v. Town of Colonial Beach*, 37 Va. Cir. 108 (Westmoreland Co. 1995). In the instant suit, the plaintiff has submitted an affidavit and detailed time records in support of its claim.

asserted against the lease by way of offset in an attempt by the lessee to reduce or extinguish its debt; to collect on the lease it was necessary to bring suit and defend against the counterclaim. *See Lindell*, 527 F.2d at 659 (quoting *Jaeger v. Canadian Bank of Commerce*, 327 F.2d 743, 745-46 (9th Cir. 1964)); *see also Duryea*, 606 F.2d at 826 (attorney's fees incurred by bank in defending against debtor's suit are a cost of collection); *Daniels*, 763 F.2d at 294 (borrowers' counterclaims were integral to enforcement of the note).

In short, this court finds that the plaintiff is entitled to recover attorney's fees of $32,128.48 incurred in trying its claim for rent and defending the counterclaim for breach of contract and constructive eviction. Because it is necessary for the lessor to defend against the action for breach of contract and constructive eviction in order to collect under the lease, attorney's fees incurred in defending against the defendant's suit are a "cost of collection" as that term is used in the lease. A contrary result would permit the lessee by winning the "race to the courthouse" to coerce settlement of the dispute. *See Duryea*, 606 F.2d at 826.

The plaintiff is also seeking costs (exclusive of attorney's fees) of $5,537.62. This amount includes court fees of $64; service costs of $12; expert witness fees of $3,480.51; and $1,976.60 in court reporter fees.[2] The defendant concedes in its Memorandum in Opposition that court fees and service costs are properly recoverable by the plaintiff. The lease provision provides for recovering *all* costs of collection.[3] As stated above, but for the plaintiff's collection suit, the defendant would not have filed its counterclaim. A necessary element of defending this counterclaim was retaining an expert witness, Ms. Dawn W. Fuller. Her expert witness fee of $3,480.51 is properly reimbursable to the plaintiff. Finally, court reporter fees are properly recoverable by the plaintiff, as it was necessary to obtain deposition and trial transcripts in order to try the main suit and defend the counterclaim. *Cf. Herrick v. Quality Home Bldrs., Inc.*, 6 Va. Cir. 467 (1970) (trial court exercised its discretion under Va. Code § 14.1-198 to deny recovery for court reporter fees because a transcript of the evidence was not imperatively necessary; clerk of court may not tax as costs).

---

[2] The total of these figures is actually $5533.11.

[3] In the instance where the *clerk of court* taxes costs to a party, the fees of an expert witness to attend a trial are paid only by the party for whom she testifies. Va. Code § 14.1-190; *VEPCO v. Harris*, 10 Va. Cir. 489 (1970). However, as the instant case provides a contractual basis for recovering all collection costs, it lies outside of the statutory mandate.

After considering the time consumed and effort expended in trying the claim and defending the counterclaim, the nature of the services rendered, and other attending circumstances, the court finds that attorney's fees and costs in the amount of $37,661.59 is reasonable. The underlying litigation between the parties involved a total disputed amount of $562,731.13. The plaintiff's claim for fees and expenses represents only 6.7% of that figure. The Supreme Court of Virginia has previously endorsed higher percentages as "reasonable." *See Rappold v. Indiana Lumbermen's Mut. Ins. Co.*, 246 Va. 10, 15 (1993)